CONTINENTAL CASUALTY CO. *v.* HALL.

[80 South. 335, Division A.]

1. INSURANCE. *Insurance contract. Construction.*
   An insurance contract, like any other contract, if perfectly plain and unambiguous, should be construed as written.

2. INSURANCE. *Modification of contract. Construction.*
   Where an insurance policy provides that health insurance thereunder shall not be effective until thirty days after the remainder of the policy is effective, and no sick benefit shall be paid for the first three days of disability, if such disability continues less than fifteen days, and a rider on such policy provides that in consideration of an additional premium, sick benefits shall be payable from the beginning of the disability, such rider merely modifies that part of the policy which provides that in case of disability from sickness or disease for less than fifteen consecutive days, the first three days shall not be covered, to the extent of allowing a recovery for those three days, nothing more, and nothing less.

3. INSURANCE. *Authority of life insurance agents.*
   A soliciting agent for a life insurance company is merely a special agent, without authority to write policies or bind the company by its terms or to alter them, his authority is entirely different from that of fire insurance agents who write the policies for their companies.

APPEAL from the circuit court of Forrest county.
HON. PAUL B. JOHNSON, Judge.
Suit by R. S. Hall against the Continental Casualty Company. From a judgment for plaintiff, defendant appeals.
The facts are fully stated in the opinion of the court.

*Whitfield & Whitfield, M. P. Cornelius* and *Geo. R. Sanderson,* for appellant.

*Green & Green* and *R. S. Hall,* for appellee.

SYKES, J., delivered the opinion of the court.

Appellee, R. S. Hall, instituted this suit in a justice of the peace court of Forrest county against the appellant insurance company upon a policy of accident and health insurance, and recovered judgment in both courts. From the judgment in his favor in the circuit court for the sum of one hundred and eighty dollars this appeal is prosecuted. The only provisions of the policy material to be considered here are those parts relating to the health insurance, which will be hereafter quoted. The testimony shows that the policy in question was countersigned by an agent in Jackson, Mississippi, and that the special rider contained on the policy was also countersigned by the same party at Jackson; that the agent who discussed the question of insurance with Judge Hall, the appellee and who took his application therefor was a mere soliciting agent. The day this policy was delivered to appellee he was taken with appendicitis, and was operated upon therefor, and ill for the period claimed by him in this suit. The only question necessary for the court to decide is whether or not the health benefits mentioned in this policy were in full force and effect at the time of and during the illness of appellee. In the policy under the caption, "Part 4. Health Insurance"—part of clause 1 reads as follows:

"The health insurance given by this policy does not take effect until thirty days after the rest of the policy is effective."

Clause C of part 4 is as follows:

"If the disability of the insured by reason of bodily sickness or disease for which indemnity is payable under

the provision of this part continues for less than fifteen consecutive days, the first three days thereof shall not be covered and no idemnity shall be payable for such first three days. The combined period of time for which indemnity shall be payable under the provisions of both paragraphs A and B of this part shall not exceed six months.''

The accident indemnity under this policy became effective upon the delivery of the policy to the appellee. The premium paid upon this policy was three dollars and fifty cents, which is the regular monthly payment provided for in the policy. Attached to and forming a part of this policy is what is called a ''special rider attached to and made a part of policy No. 3450143.'' The body of this rider reads as follows:

''In consideration of the payment of an additional monthly premium of fifty cents, which is to be paid as is the premium of the policy to which this rider is attached, the company further agrees that in the event the insured shall sustain loss of time on account of disability caused by sickness or disease so that indemnity is payable therefor under the provisions of said policy, then such indemnity shall be payable from the beginning of such loss notwithstanding the provision of said policy that some certain number of days at the beginning of disability from sickness or disease shall not be covered.

''This rider is subject to all of the provisions and conditions of the policy to which it is attached. It takes effect upon issue and so long as said premium is paid it continues in force concurrently with said policy but not extending in any event beyond it. It is not valid unless countersigned by a policy writer of the company.''

The special rider and policy are both dated September 14, 1917.

It is contended by the appellant insurance company that at the time of the illness of Judge Hall the health

insurance under this policy was not effective; that under the terms of the policy and the rider it did not become effective until after the expiration of thirty days. The appellee contends that the special rider above quoted made the health insurance effective upon the delivery of the policy.

An insurance contract, like any other contract, if perfectly plain and unambiguous, should be construed as written. The terms of this policy relating to health insurance are in no sense ambiguous. The rider merely modifies that part of part 4, division C, which provides that in case of disability from sickness or disease for less than fifteen consecutive days, the first three days shall not be covered. The rider modifies this clause to the extent of allowing a recovery for those three days, nothing more and nothing less.

The appellee contends that under this construction of the policy appellee received nothing for the first thirty days of his health insurance, for which he paid the sum of fifty cents additional. Or, in other words, that he got no health insurance for the first thirty days for this additional fifty cents. This is true, but he would have gotten the benefits of this insurance after that time had he kept up the regular payments. The record does not show whether or not it was permissible to obtain this special rider after the issuance of the policy, but this would make no difference. If appellee made a hard contract, he must abide by its terms.

It is also contended by the appellee that the soliciting agent represented to him that this special rider would make the health insurance affective upon the issuance of the policy. This agent, however, was merely a special or soliciting agent, without authority to write or issue policies or bind the company as to its terms. His authority is altogether different from that of fire insurance agents who write the policies for their companies. He had no authority whatever to alter or change the terms of the insurance contract or to bind

the company by any representations made by him. This court has repeatedly held this kind of an agent to be merely a special agent who has no authority to change or alter the terms of the insurance policies.

The health benefits under the plain terms of this policy were not effective for thirty days. The judgment of the lower court is reversed, and judgment will be entered here in favor of the appellant insurance company.

*Reversed and judgment entered.*