HOME INS. CO. OF NEW YORK *v.* MOORE & RAWLS.*

(Division A.    June 11, 1928.)

[117 So. 524.    No. 27193.]

*Corpus·Juris-Cyc. References: Fire Insurance, 26CJ, p. 347, n. 37; Fra'uds, Statute of, 27CJ, p. 134, n. 15; Insurance, 32CJ, p. 1152, n. 94; Liability Insurance, 36CJ, p. 1079, n. 22; As to what amounts to gross negligence, or recklessness which will relieve fire insurer from liability, see annotation in 10 A. L. R. 728; 14 R. C. L. 1224; 4 R. C. L. Supp. 948. On the rule that insurance policies are to be construed against the insurer and in favor of insured, see 14 R. C. L. 926; 3 R. C. L. Supp. 316; 4 R. C. L. Supp. 931; 5 R. C. L. S'upp. 787; 7 R. C. L. Supp. 477.

*C. S. Street* and *R. L. McLaurin,* for appellant.

*Welch & Cooper,* for appellees.

McGowen, J. Appellees, Moore & Rawls, filed their bill in the chancery court of Jones county against the Home Insurance Company, an insurance corporation, upon a fire insurance policy, alleging a loss thereunder by fire of two railroad cars delivered to the Canal Lumber Company on a logging railroad track at Benmore, Miss., for the plaintiffs; the material part of said policy being as follows:

"Moore & Rawls,
"Benmore, Mississippi.

"$5,000.00—On cars delivered to the Canal Lumber Company for the assured by the G. M. & N. Railroad at Benmore, Mississippi, and covers all such cars, while in their possession, or on the sidetrack of the G. M. & N. Railroad, or the Canal Lumber Company's logging railroad, and for which they are legally liable.

"It is understood and agreed that all matters affecting values, depreciation, and repairs in connection with losses on rolling stock described herein and insured hereby, shall be settled in accordance with the rules of the Master Car Builders' Association.

"Attached to and forming part of policy No. 1255 of the Home Insurance Company of New York, issued at its Laurel, Miss., agency."

It is alleged that, after the issuance of said policy, and while same was in full force and effect, the Gulf, Mobile & Northern Railroad Company, being the G., M. & N. R. R. Co., delivered to the Canal Lumber Company two box cars belonging to said railroad, Nos. 4028 and 4059, and that said cars were in insured's possession on the logging track of the Canal Lumber Company, and that said "cars were placed for complainants, and complainants were bailees of said cars."

The bill further alleged that prior to the delivery of the two cars there had been destroyed by fire, on said railroad, cars which had been delivered there for the use of complainants, and, after said loss, the railroad company refused to deliver cars on the tracks of said logging railroad unless and until complainants agreed and contracted with the railroad company to pay it for all cars lost, destroyed, or injured, regardless of the manner or cause of such loss, and the circumstances of negligence surrounding same, and that the railroad company and Moore & Rawls entered into such agreement in order to obtain cars from the railroad company.

The bill further alleges that on March 31, 1924, the cars here insured, while in the complainant's possession, as a result of fire set out by the locomotives of the logging railroad of the Canal Lumber Company, were destroyed by fire, that Moore & Rawls knew that the engines of the Canal Lumber Company's logging railroad were accustomed to throw out sparks, and that there was no guard or protection of said cars on the tracks of said

logging railroad against said sparks from the locomotives. The value of one car was one thousand one hundred six dollars and twenty-one cents, and the other one thousand seventy-one dollars and seventy-eight cents.

The bill further alleges that the G., M. & N. R. R. Co. sued Moore & Rawls in the circuit court of Perry county for the value of said cars, and recovered judgment against Wilson Moore, one of the complainants, in the sum of two thousand one hundred seventy-seven dollars and ninety-nine cents, with interest from date of the loss of the cars. There was no service of process on Rawls, and no judgment. The Canal Lumber Company was also sued in the same action, and filed its pleas, alleging that it had no interest financially or otherwise, in the cars destroyed by fire. Moore pleaded the general issue to the proceeding against him.

The railroad company dismissed its suit against the Canal Lumber Company, and in the trial of the case in the circuit court a jury was impaneled, verdict rendered for amount sued for, and judgment entered accordingly in favor of the railroad company against Moore, a member of the firm of Moore & Rawls, for said sum with interest.

The bill prayed for a decree against the insurance company for the sum of two thousand one hundred seventy-seven dollars and ninety-nine cents, with interest, and for general relief.

The insurance company, appellants here, filed a motion to require the complainants to be more specific as to the allegations in the bill in reference to the contract entered into between the G., M. & N. R. R. Co. and Moore & Rawls as to the delivering and placing of cars on the logging tracks of the Canal Lumber Company for the use of complainants as bailee, to which the complainants answered, setting up the oral contract entered into between the railroad company and Moore & Rawls in refer-

ence to the liability of the latter for the destruction or loss and damage to cars, which answer is here set out:

"Complainants answering the motion of defendant for certain specifications as to the allegations of the bill of complaint, says the contract between complainants and the Gulf, Mobile & Northern Railroad Company with reference to liability for destruction or for loss or for damage to cars placed on the tracks of Canal Lumber Company for the use of complainant was a parol contract; that it resulted from negotiations continuing between the 1st of January, 1924, and the early days of March, 1924; that two cars so delivered to Canal Lumber Company had been destroyed on or about January 1st; that the railroad company refused to make any more deliveries of cars for complainants unless complainants would agree and obligate themselves to pay the railroad company the value of the cars lost or destroyed, or compensate them for the damage done to said cars, while on the Canal Lumber Company tracks; that complainants then and there agreed to pay to the railroad company the value of the cars lost or destroyed, or compensate for any damage, just as is customary in the settlement of such claims among common carrier railroads; that said agreement was concluded and reached just prior to the date of the issuance of the policy sued on, the exact date not being known to complainants; that the Canal Lumber Company had nothing to do with the contract, and its only relation was that of furnishing the track on which the cars delivered by the railroad company were to be moved."

Thereupon the insurance company interposed its demurrer to the bill, alleging the insufficiency of the bill on three grounds as follows:

"(1) That by the terms of the contract sued on the loss by fire of the cars in question did not impose upon Moore & Rawls any obligation for which they were 'legally liable.' Hence no liability arose as a result of

the fire under the contract sued on by the Home Insurance Company to Moore & Rawls.

"(2) The contract for reimbursement between Moore & Rawls and the Gulf, Mobile & Northern Railroad Company was within the statute of frauds, being an oral contract to answer for the debt or default or miscarriage of another person (that is, for the Canal Lumber Company), and cannot be the basis for the right of recovery against this insurance company on the insurance contract here sued on; Moore & Rawls not being legally liable for the destruction of the railroad company's property by fire in the manner stated.

"(3) The negligence of complainants below, appellees here, is shown by the bill of complaint and the record to have been so gross or wanton as to in legal effect constitute fraud against the rights of appellant, and hence appellees should not be permitted to recover on this contract."

The court below overruled the demurrer, and granted the insurance company an appeal to this court to settle the principles of the case.

Counsel for the appellant, the insurance company, insists that the insurance policy, according to its terms, and the use of the words, "for which they are legally liable" (referring to Moore & Rawls) referred only to a liability imposed by law as distinguished from liability created by contract, and that the language of this contract did not comprehend any indemnity of the insured against a liability created by contract.

We think it is manifest, from the language used, that the insurance company did indemnify Moore & Rawls for any liability which the law imposed directly or by contract, because the quoted portion of the insurance policy, the gist of the contract here, plainly shows that the cars belonged to the G., M. & N. R. R. Co.; that they were to be delivered into the possession of the insured, Moore & Rawls, on the tracks of the Canal Lumber Company.

The bill further alleges that the liability of Moore & Rawls had been established in a court of competent jurisdiction, and, in the absence of anything alleged or shown in the contract of insurance limiting the meaning of the words "legally liable," they could only mean a liability imposed by law, or a liability which the law fixed by contract upon the insured. The judgment of the circuit court imposed a legal liability upon them as to the facts alleged independent of the judgment.

The oral contract shows that there was direct liability assumed by Moore & Rawls, and this liability was evidently in the mind of the company when it made its insurance contract as quoted, *supra,* and, if it was ascertained that Moore & Rawls were legally liable, the source of the liability cannot now be questioned by the insurer under the terms of its insurance contract.

The allegations of the bill are that Moore & Rawls had to agree to become legally liable to the G., M. & N. R. R. Co. before the cars would be placed on the logging tracks of the Canal Lumber Company. In other words, the G., M. N. R. R. Co., by express contract with Moore & Rawls, declined to deliver cars to them unless they should become liable to said railroad company for loss or damage to its cars, and this declination on the part of the railroad company to place its cars on the logging tracks was specific.

A contract of insurance is construed most strongly in favor of the insured. Counsel for appellant asks us to put a most technical and strained construction upon its language, which we decline to do.

The facts alleged in the bill show liability, both in tort and in contract.

The second point—that there was a violation of the statute of frauds in that it is sought to hold the insurance company liable upon an oral contract made by Moore & Rawls to answer to the G., M. & N. R. R. Co.

for the debt, default, or miscarriage of the Canal Lumber Company.

Section 3325(a), Hemingway's 1927 Code, section 4775, Code of 1906, reads as follows:

"An action shall not be brought whereby to charge a defendant or other party—(a) Upon any special promise to answer for the debt or default or miscarriage of another person."

The trouble with this position of counsel is that he is met with stubborn facts as alleged in the bill, and that this primary obligation entered into by and between the railroad company and Moore & Rawls is recognized by the insurance company, waiving the question whether or not the insurance company could plead the statute of frauds as against its contract.

We think the obligation entered into by the parties for the delivery of cars was a direct, proximate obligation, and that the statute of frauds has no application. This contract of insurance entered into by the appellant was for the exclusive benefit of Moore & Rawls, with a statement of the interest of Moore & Rawls, and how the interest was to be acquired, written into the policy.

The third point—that the negligence of appellees, as alleged by complainant in their bill, is so gross or wanton as to constitute fraud against the rights of appellant, and that appellants should not be permitted to recover on this contract.

This is not a case where, by design of the insured, property is lost by fire, neither is it a case where there is alleged or shown by the bill a misrepresentation as to the hazard incurred by placing the box cars on the tracks of the logging railroad. That is exactly what the insurance company agreed should be done.

It is alleged that no sort of guard was placed around these cars to prevent the locomotive, which was "in the habit" of emitting large sparks, and known to the complainants, from setting fire to the cars. The bill simply

shows that the insured was careless. It does not show any design on insured's part to effectuate the loss of the cars by fire; and we are unable to perceive the strength of counsel's position. The general rule is that mere negligence or carelessness on the part of an insured, his agents, or servants, although directly contributing to and causing the loss of the property insured, will not relieve the insurance company from liability. The exception would be that, where property is designedly destroyed by fire by the insured, or destroyed by willful or fraudulent purpose or design to accomplish the destruction of the property by fire, then there could not be any recovery. But the facts here simply show negligence on the part of the insured, which negligence would consist in not guarding the property, if that could be done, so as to prevent it catching on fire. There is no allegation in the bill which shows any willful or fraudulent burning. It is inconceivable that such inference could be drawn from the charge and admission of negligence contained in the bill, and which we have set forth *in hæc verba*. 26 C. J. 347, states the most that could be contended for by the appellant here as against its contract, and section 443 thereof is as follows:

"*Negligence or Misconduct—Of Insured or His Serv-ants.*—Except where the policy stipulates that the insurer shall not be liable for loss caused by the neglect of the insured to use all reasonable means to save and preserve the property when it is endangered by fire, mere negligence or carelessness on the part of the insured, or of his servants, although directly causing or contributing to the loss, is one of the risks covered by the insurance, and does not relieve the insurer from liability, and this rule applies even where the contract excepts losses originating by 'design in the assured,' if the negligence does not amount to design. However, even though there is no stipulation in the policy to that effect, if the insured's acts of negligence or misconduct are such as to

show a willful and fraudulent purpose or design to destroy the property, he cannot recover on the policy, as where he prevents efforts which would be availing to preserve the property, unless the insurer has waived or is estopped to set up such facts as a defense. But the mere fact that the insured conspired or designed to destroy the property is no defense to an action on the policy, if such conspiracy or design fails of accomplishment and is not the cause of the fire and has no connection with it."

In the case before us, Moore & Rawls desired cars in which to load pine knots for shipment for sale. No earthly reason can be found from the facts here under consideration for saying that, through fraud or design, Moore & Rawls destroyed the property, or fraudulently conceived such destruction. If the cars were destroyed, under their contract, liability would arise; their purpose was to use the cars, and no shipments could be made in cars destroyed by fire; and the position is untenable and unthinkable, from the allegations of the bill of complaint.

We think the court below correctly overruled the demurrer, and that the defendant is put to the proof in this case. The insurance company, appellant here, is allowed sixty days from the date of the judgment here in which to plead in the lower court.

*Affirmed and remanded.*