WILLIAMS *v.* RESERVE LIFE INSURANCE CO.

No. 39543 March 28, 1955 78 So. 2d 794

*Alexander, Feduccia & Alexander,* Cleveland, for appellant.

*William A. Bacon,* Jackson; *Joe Bailey Humphreys,* Dallas, Texas, for appellee.

HALL, J.

On August 28, 1953, appellant applied to appellee for the issuance to her of a sick and accident insurance policy which would, among other things, insure her in the amount of $100.00 per month for total disability resulting from accident. On that date the premium for one month was paid in advance. On September 3, 1953, the company issued at its home office the policy as applied for. In the printed portion of the policy there was a provision that the policy "shall become effective only if it has been issued and actually delivered into the insured's manual possession while he is alive and in good health." Typewritten into the front page of the policy it is stated that the effective date is September 3, 1953, that the initial payment of $10.50 has been made, and that the first renewal premium is due October 3, 1953.

In the printed portion there is a further statement that "The effective date of the policy, the initial payment hercfor, and the date the first renewal payment becomes due are shown in the schedule on page one hereof."

On September 5, 1953, before the policy had been actually delivered into her hands the appellant accidently broke her leg as a result of which she was totally disabled for two months. Proper claims for disability payments were filed and the company declined payment. Hence this suit.

██ ██ The suit was filed in the justice of the peace court where appellee suffered judgment by default to go against it. On appeal to the circuit court the case was tried before the judge without a jury on an agreed statement of facts, the applicable portions of which we have given above. The learned circuit judge gave judgment for the company, and on this appeal the sole question is whether the first quoted printed portion of the policy prevails over the typewritten portion. We think there is such conflict between the printed portion of the policy

and the typewritten portion that it is ambiguous and that in order to construe the policy we must resort to certain rules of construction of such instruments.

 One rule is that where the terms of an insurance policy are ambiguous, equivocal or uncertain to the extent that the intention of the parties is not clear and cannot be ascertained clearly by the application of the ordinary rules of construction, then it is to be construed strictly and most strongly against the insurer, and liberally in favor of the insured, so as to effect the dominant purpose of indemnity to the insured. 29 Am. Jur. page 181, Insurance, Sec. 166. In the footnote to the cited text two Mississippi cases are cited.

 Another rule is that the written portion of an insurance policy must be taken as more immediately expressive of the intention of the parties than the printed portion, if there is any repugnancy or conflict between them, and that, in such case, the written portion prevails. 29 Am. Jur., page 177, Insurance, Sec. 161.

 Applying these rules it seems clear to us that the policy in question shows plainly that it took effect on September 3. Appellant paid for and was entitled to thirty days protection from the effective date of the policy. Two days after the effective date she sustained an accident which rendered her totally disabled for a period of two months. She is entitled to indemnity for that period and the judgment of the lower court will therefore be reversed and judgment here entered in favor of appellant for the sum of $200.00 with 6% per annum interest from November 5, 1953.

Reversed and judgment here.

*McGehee, C. J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.