FARMERS MUTUAL INSURANCE ASSOCIATION *v.*
MARTIN, et al.

No. 39862          January 23, 1956          84 So. 2d 688

*Snow & Covington,* Meridian, for appellant.

*Howard R. Pigford,* Meridian, for appellees.

HOLMES, J.

This is a suit on an insurance policy seeking to recover for the loss of a garage which was destroyed by windstorm and which was claimed by the insured to be within the coverage of the policy. By consent of the parties, a hearing was had before the judge without a jury, resulting in a judgment in favor of the appellees. We have reached the conclusion that the garage was

not·within the coverage of the policy, and we, therefore, deal with this question only, since our decision disposes of the case without reference to other questions raised on this appeal.

The pertinent provision of the policy is as follows: "This policy covers the following described property, all situated on farm or plantation about eight miles from Meridian on west side of Ponta Road in Lauderdale County, State of Mississippi, Item No. 1, $5,000 on the one-story frame dwelling with approved roof, occupied by tenant, including permanent building equipment and fixtures therefor while anywhere on the above described premises."

On July 9, 1954, while the policy was in force, a garage located on the described premises was totally destroyed by windstorm. The appellees, claiming that they were the owners of the property and that the garage was within the coverage of the policy, made demand upon the appellant for payment of the loss and payment was refused. This suit followed.

The garage was a frame structure with a galvanized tin roof, and was built to accommodate two cars. It was located ten feet from the dwelling. A concrete walkway led from the kitchen steps at the back of the dwelling to the driveway entering the garage. The walkway was uncovered, and there was no physical attachment of the garage to the dwelling. The described premises were rented to and occupied by a tenant and the tenant used the garage to store his car and also stored other "stuff" in it. He had a bed and some chairs in it and on hot summer nights he sometimes slept in the garage.

It is the contention of the appellant that the language of the insurance contract is plain and unambiguous, and that it does not embrace the garage within its coverage.

On the other hand, the appellees contend that the term "dwelling" as used in the policy signifies a place

of abode or place of habitation and that it embraces a building or cluster of buildings on the premises used as an accessory or auxiliary to the dwelling, although separate and detached therefrom, and that the garage in question was a part and parcel of the dwelling and, therefore, within the coverage of the policy. The appelles have cited a number of authorities undertaking to define the words "dwelling" and "dwelling house" as comprehending the entire congregation of buildings, main and auxiliary, used for the purposes of abode. These authorities show that such significance has been attached to the words in certain cases and under certain circumstances, particularly in criminal cases such as burglary and arson. These authorities have no application, however, where the insurance contract restricts the significance of the word "dwelling" to the main building. We think that the decision of this case does not depend upon the definition of the word "dwelling" because that word alone is not used in the policy contract. The property insured is not only said to be a dwelling, but it is further described and identified as "the one-story framedwelling with approved roof, occupied by tenant, including permanent building equipment and fixtures therefor while anywhere on the above described premises."

Thus the plain and unambiguous language of the contract restricts the insured property to the one-story frame dwelling with approved roof, and includes therewith only permanent building equipment and fixtures therefor. To say that this language embraces a garage which is wholly detached from the dwelling and located ten feet therefrom would be to do violence to the plain and unambiguous terms of the policy contract. Our research has led us to no Mississippi cases, and counsel has cited none, where this Court has extended the insurance coverage to a separate and detached build-

ing not mentioned in the policy, where the language of the policy was similar to that under review.

This Court held in the case of Interstate Fire Insurance Company v. Nelson, 105 Miss. 437, 62 So. 425, that a two-story sample room connected with the hotel by a covered boardwalk and used by commercial travelers who were guests of the hotel to display their wares to prospective buyers, and for storage rooms, was within the terms of the policy covering the hotel and *additions* thereto.

In the case of Phoenix Insurance Company v. Martin, 16 So. 417, there was involved a policy on a "two-story brick shingle-roof building and additions thereto, occupied by assured as a dwelling." The Court held that the policy included a building partly occupied by assured's servants, and one of the rooms of which was used as a laundry, though it was not annexed to the brick building, where there was no other building in assured's yard which could possibly be claimed as an *addition* to the main building, not built in as part of the house originally.

It is to be noted that in both of the cases referred to the policy covered the main building and *additions* thereto. In the case at bar, the policy does not purport to cover additions to the dwelling.

In the case of Queen Insurance Company v. Delta Gin Company, 210 Miss. 167, 48 So. 2d 866, it was held that a wagon shed securely connected to a cotton platform immediately north of and connected to the main gin building, all regularly used in the operations of the gin, was covered by a windstorm insurance policy on the gin house, "including sheds, additions, and platforms attached thereto while operated as a gin house." It is readily seen that the decision of the Court in this case was controlled by the plain and unambiguous language of the policy contract.

■■ We think that the language used in the policy in the case at bar is plain and unambiguous and that it does not extend the coverage of the policy to the garage in question. In reaching this decision, we have not been unmindful of the well established rule that insurance contracts are to be construed most strongly in favor of the assured, as announced by the following and other prior decisions of this Court: Home Insurance Company of New York v. Moore and Rawls, 151 Miss. 189, 117 So. 524; Mutual Benefit Health and Accident Assn. v. Blaylock, 163 Miss. 567, 143 So. 406; Shivers v. Farmers Mutual Fire Insurance Co., 99 Miss. 744, 55 So. 965; Boyd v. Insurance Company, 75 Miss. 47, 21 So. 708.

Equally important, however, is the rule long established by the prior decisions of this Court that if the insurance contract is plain and unambiguous, it should be construed as written and like any other contract. Griffin v. Maryland Casualty Company, 213 Miss. 624, 57 So. 2d 486; Continental Casualty Company v. Hall, 118 Miss. 871, 80 So. 335; Georgia Casualty Company v. Cotton Mills Products Co., 159 Miss. 396, 132 So. 73; Brotherhood of Railroad Trainmen v. Bridges, 164 Miss. 356, 144 So. 554.

We are accordingly of the opinion that the judgment of the court below should be reversed and judgment entered here for the appellant.

Reversed and judgment here for appellant.

*McGehee,* C.J., and *Hall, Kyle* and *Gillespie,* JJ., concur.