HOME INSURANCE CO. OF NEW YORK *v.* J. GIBSON.

1. FIRE INSURANCE,    *Conditions of policy.    Parol waiver.*

Where an agent of an insurance company receives the premium and issues a policy on a building, knowing that the assured has only a leasehold interest, the policy is good, notwithstanding stipulations therein that it shall be void if the interest of the assured be other than the sole, unconditional ownership, and that no representative of the company is authorized to waive conditions except those mentioned, and then only by writing indorsed on or attached to the policy.    *Insurance Co.* v. *Sheffy,* 71 Miss., 919, cited.

2. SAME.    *Interest of assured in property.    Liability of insurer.*

An insurance company which, with full knowledge of the facts, issues to one having only a leasehold interest in a building a policy

insuring the entire interest, cannot, in case of loss, limit the recovery of assured to his interest. There being no fraud or mistake in procuring the insurance, the company is bound by its policy and has no concern with an outside contract between assured and his lessor as to their respective interests in the property.

3. SAME. *Proofs of loss. .Denial of liability. Waiver.*

Where, during the time allowed for making proofs of loss, the general. adjuster of an insurance company tells the assured that the company is not liable under the policy, proofs of loss are rendered unnecessary, and the failure to make them will not forfeit the policy. *Insurance Co.* v. *Comfort,* 50 Miss., 662.

4. SAME. *Requirement as to arbitration. Waiver.*

This is true also in respect to a provision requiring any disagreement as to the amount of loss to be submitted to arbitration.

FROM the circuit court of Holmes county.

HON. C. H. CAMPBELL, Judge.

The opinion sufficiently states the case to indicate the questions decided. As to the application for a continuance, the decision seems to depend entirely upon a question of fact. Therefore, it is not deemed necessary to make any statement in regard to this, or to give the argument of counsel on the point.

*E. F. Noel,* for appellant.

In his declaration appellee concedes ths warranty of fee simple title to the property, but changes the description of title from fee simple to the unconditional ownership for a term of years. The policy is filed as a part of the declaration, and overthrows the allegation therein as to the character of the title.

Every agent of an insurance company is not a general agent. One may have considerable power, and yet not be authorized to bind the company on account of information communicated to him. *Insurance Co.* v. *Sorsby,* 60 Miss., 302; *Insurance Co.* v. *Van Os,* 63 *Ib.,* 431.

Knowledge of the contents of the policy is imputed. to the insured. 5 Am. St. R., 63; 15 *Ib.,* 275; 28 *Ib.,* 645.

Contracts of insurance are to be regulated and determined by the same rules that govern other ordinary agreements. *Insurance Co.* v. *Ingram*, 34 Miss., 215; *Insurance Co.* v. *LeFlore*, 53 *Ib.*, 1.

The powers possessed by agents of insurance companies are to be interpreted in accordance with the general law of agency. If one dealing with an agent knows that he is acting under limited authority, and that his act is outside the authority conferred, the principal is not bound, and it is immaterial whether the agent is a general or special one. *Walsh* v. *Insurance Co.*, 73 N. Y., 5.

Where a policy permits an agent to exercise a specified authority, but prescribes that the company shall not be bound unless the execution of the power shall be in writing, the consent of the agent, not so indorsed, is void. *Ib.; Marvin* v. *Insurance Co.*, 85 N. Y., 278: 38 Am. R., 657. See also 19 Or., 261; 20 Am. St. R., 809; 28 *Ib.*, 648; 133 N. Y., 356.

In *Insurance Co.* v. *Matthews*, 65 Miss., 301, while the court declined to hold the insured bound by an agreement in the policy that all waivers had to be indorsed thereon, to the extent of refusing to recognize acts of waiver after a loss, it declined to go to the extent of nullifying the provisions which relate to the formation and continuance of the contract of insurance and are essential to the binding force of the contract while running.

The principal office of an insurance company is generally distant from the field of operation of agents. To hold the company liable for all prior information possessed by agents as to the nature or condition of insured property, and to bind them by waivers which it is mutually agreed shall never be set up, is to place the company at the mercy of collusive arrangements, and to deny it the benefit of contractual arrangements elsewhere universally recognized.

It is a settled legal principle that a contract of insurance only binds the insurer to make good the loss sustained by the party

insured. The contract is a personal one between the parties. *Lynch* v. *Daly*, 3 Brown's Parl. Cases, 497. It is the individual insured, and not the property. Different parties having different interests in the same subject - matter may severally procure insurance on their respective interests, but the mere fact of a person being part owner of the property does not give him an insurable interest in that part he does not own. 11 Am. & Eng. Enc. L., 313, and authorities cited. In the instructions in this case the court refused to recognize this doctrine.

*Hooker & Wilson*, for appellee.

The defendant denied all liability under the policy, on the ground that the building was on leased land. This obviated all necessity for making proof of loss. 2 Woods on Insurance, 445, 446, 967, 973; 7 Am. & Eng. Enc. L., p. 1997; *Insurance Co.* v. *Comfort*, 50 Miss., 662.

The same is true with respect to the provision for arbitration. 2 Woods on Insurance, 1009, 1015; 78 Pa., 478; 20 Mich., 431.

The agent, knowing that Gibson was only lessee, received his money as premium and issued the policy. This bound the company. 1 Woods on Insurance, 207, § 90, and authorities cited; 7 Am. & Eng. Enc. L., p. 1024; 93 Ill., 96; 23 Hun (N. Y.), 397; 79 N. Y., 230; 33 Mich., 143; 57 *Ib.*, 135; 79 *Ib.*, 249.

Plaintiff was entitled to recover the full amount of the policy. The company had no connection with the lease. It contracted with Gibson to pay him the value of the house. 2 Woods on Insurance, § 481; 2 May on Insurance, § 424; 1 Hill (N. Y.), 140; 135 Mass., 503.

It is entirely immaterial with the company what the respective rights of the plaintiff and his lessor were. The lessor may recover a part of the money from Gibson, but the company must pay him, according to its contract.

WHITFIELD, J., delivered the opinion of the court.

We cannot say there was any abuse of discretion in refusing the continuance.

The two grounds of defense mainly relied on are: First, that the appellee was not the owner in fee simple of the ground on which the building, the subject of insurance, was situated; and, second, that the interest of the insured was "other than the unconditional and sole ownership" of the building.

Appellee testified that W. A. Drennan, Jr., the agent with whom the contract of insurance was made, was in (to use his language) "my house a few days before, and I told him all about the lease, and asked him to make out for me a policy on the new store, as it was a part of the contract." Again he says: "W. A. Drennan, Jr., sent me the policy, which remained in force twelve months. I wrote to him to renew my policy whenever it expired, and that this policy in question, thus written for to W. A. Drennan, Jr., came by mail a few days later," Drennan living at Greenwood and appellee at Tchula. Appellee had leased the ground from December 1, 1890, to December 1, 1894, the house built to be the property of the lessor after the expiration of the lease, and the insurance premiums were to be paid by lessor and lessee equally, "yearly," and, in case of loss by fire, the amount of insurance was to be divided in proportion to the life of the lease, as set out in the lease. This policy of insurance was operative from January 27, 1892, to January 27, 1893. The fire occurred January 24, 1893, only three days before the end of the year for which the building was insured. The testimony of appellee on this point stands uncontradicted; but the contention is that the agent had no right to bind the company by any knowledge he thus obtained from appellee at the time of the execution of the original policy of insurance, and which, of course, he had when this policy was issued, because of the stipulation in the policy in these words: "This policy is made and accepted subject to the foregoing stipulations and conditions,

together with such other provisions  .   .   .   as may be indorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy, except such as, by the terms of this policy, may be the subject of agreement indorsed hereon or added hereto; and, as to such provisions and conditions, no officer, agent or representative shall have such power, or be deemed to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto.''

It is insisted that the waiver of the requirement that appellee's real interest should be set out in the policy, by the conduct of its agent, W. A. Drennan, Jr., who issued the policy and received the premium, after he was fully informed of all the lease showed, cannot be shown by parol, and cannot bind the company.    This contention has been thoroughly considered by this court and settled adversely to appellant in *Sheffy's Case*, 71 Miss., 919, and in *Matthews' Case*, 65 *Ib.*, p. 301; *Rivara's Case*, 62 *Ib.*, 727; *Bowdre's Case*, 67 *Ib.*, 631. The very pith of the true reasoning on this subject is condensed into this single sentence of the supreme court of Michigan, 33 Mich., 143, quoted with approval by Judge Campbell in *Matthews' Case:* ''There can be no more force in an agreement in writing not to agree by parol, than in a parol agreement not to agree in writing.   Every such agreement is ended by the new one which contradicts it.''    And this is true as well of the provisions which relate to the formation and binding force of the contract while running, as to those provisions relating to what has to be done after a loss.    11 Am. & Eng. Enc. L., p. 343, note 1, and page 338, paragraph 4, and authorities in note 2, p. 339.    The case of *Cleaver* v. *Insurance Co.*, 65 Mich., 527, whilst properly distinguishing the case of *Insurance Co.* v. *Earle*, 33 Mich., 143, in no way conflicts with the doctrine which the last named case announces, and which we approve.    In Cleaver's case, the stipulation in the policy was

that (p. 528), "the agent of this company has no authority," etc. Here the stipulation is that "no officer, no agent and no other representative shall," etc. That this distinction was the foundation of Cleaver's case, is clearly shown in 39 N. W. R., 571, where the case was reversed in favor of the assured, on its being shown that R. T. Smith, the secretary, had waived the stipulation otherwise than by indorsement on the policy.

It is vain to say that this clause does not seek to prevent the corporation itself from waiving a stipulation. The corporation acts only through agents; and, if "no agent, no officer, and no other representative" can waive a stipulation, who is left to waive it for the corporation? This clause is a species of refinement by which the corporation withdraws within its invisible and intangible ideality when liability is sought to be imposed upon it, bound by the acts of no agent, officer, or other representative, but reaches forth therefrom with Briarean hands to receive the profits and avails of these same acts performed by these same "agents," as against those with whom these same agents have dealt. The refinement is too subtle for the practical affairs of actual life, and we repudiate it. It may be noted, too, that in Cleaver's case (p. 531), the premium had been received after the agent knew of the ground of forfeiture.

The provision relied on here is in the exact words of the stipulation relied on in *Lomberton* v. *Insurance Co.*, 39 N. W. Rep., p. 76, decided by supreme court of Minnesota in 1888, respecting which the court says in a very clear and strong opinion: "That is to say, in other words, that one of the parties to a written contract, which is not required by law to be in writing, cannot, subsequent to the making of the contract, waive by parol agreement provisions which had been incorporated in the contract for his benefit. If this provision is effectual at all as a limitation of the power of future action, it limits the power of every agent, officer, and representative of the company, and, hence, practically, that of the corporation," and it was held that "this provision, not being a limitation upon the authority

of any particular agent or class of agents, but, in effect, upon the capacity of the corporation for future action,'' could not be imposed, but was void. Same doctrine is announced in Richards on Insurance, § 91, where this provision is said to "amount to the contradiction of a rule of law;'' and see *Insurance Co.* v. *Sheffy*, 71 Miss., 919. And we think this reasoning sound. Notice to W. A. Drennan, Jr., was, under the facts of record, notice to the company. 7 Am. & Eng. Enc. L., 1024; 93 Ill., 96; 79 N. Y., 230, and authority from this court, *supra*. We refer specially, also, to the vigorous reasoning of Mr. Justice Bradley in *Insurance Co.* v. *Norton*, 96 U. S:, 234, and to the language of Mr. Justice Miller in *Wilkinson's Case*, 13 Wall., 222, and to the following sections in a recent work, Richards on Insurance, §§ 18, 63, 68 (§ 68 specially), 70, 91, 95; and see *Van Strich* v. *Insurance Co.*, 68 N. Y., 434.

But it is insisted that, in any event, appellee could not recover any amount in excess of his proportion as shown by the terms of the lease between his lessor and himself. This position is untenable. The appellant has nothing to do with the terms of a separate and independent contract between appellee and his lessor. Appellant's contract is evidenced by this policy, and it is not competent for the appellant to set up against a recovery against the company on this contract of the company this matter arising out of a wholly distinct contract between appellee and his lessor. Appellee is, of course, a trustee for his lessor of his part of the recovery. Richards on Insurance, § 132. But with that appellant has no concern. We cite, as putting this matter in the clearest possible light, the very able opinions in *Insurance Co.* v. *Barracliff*, 45 N. J. L., 543, and that in *Insurance Co.* v. *Fish*, 71 Ill., 624. In the first case a husband, with only inchoate curtesy, recovered full amount of insurance on buildings owned by the wife, and in the latter a life tenant the full amount of injury to the whole fee in the buildings burned, and not the amount of injury to

her life estate in them only. In this last case, as in the case at bar, the agent was fully apprised of the nature and extent of the interest of the insured in the buildings, and the court says: "It must necessarily follow that the title shall, for all the purposes of the case, be taken to be that represented by the application for the policy, and the policy binds appellant to pay the assured, not the damage which shall occur to her interest in the property, but all damage to the property not exceeding the sum insured." And, again, the court says: "It seems to be settled by authority that, in the absence of fraud or mistake, and when not otherwise limited by the policy, the assured is entitled to recover . . . the whole amount of damage done to the property, not exceeding the amount insured, whether his title is in fee, for life or only equitable," citing many authorities. The same doctrine is announced in *Chase's Case*, 5 Wall., 509, where one of five trustees recovered the whole amount of insurance, and is thus summarized in 2 May on Ins., § 424, etc.: "The assured may recover for damage to all interests represented by him, whether by precedent authority or subsequent ratification of others." Wood on Ins., § 263 and note 3.

It is also argued that no proofs of loss were forwarded, etc. But appellee testifies that Mr. Kreth, the general adjuster, told him the company was not liable, because he built the house on leased land. The jury has accepted this as correct, and, if correct, all proofs of loss were made unnecessary. *Comfort's Case*, 50 Miss., 675. And so as to arbitration clause. 20 Neb., 331.

We find no error in the record, and the judgment is

*Affirmed.*