ATLANTIC HORSE INSURANCE COMPANY v. NERO.

[66 South. 780.]

1. INSURANCE. *Animal insurance. Proof of loss. Waiver. Appeal and error. Disposition of appeal. Record. Payment of loss. Stipulations. Applicability.*

Where an insurer disclaims liability under an insurance policy, it is unnecessary for insured to furnish proof of loss.

2. INSURANCE. *Animal insurance. Proof of death. Waiver.*

Where the policy of insurance upon an animal, provided that proofs of loss should be made "upon and in compliance with forms issued by the company," and the insurer was notified of the death of the animal and failed to furnish the necessary blanks for proof of loss, such failure will estop the insurer to complain of insured's failure to furnish the proofs required by the policy.

3. INSURANCE. *Payment of loss. Stipulations. Applicability.*

A provision in an insurance policy on the lives of animals, that on and dating from the receipt of satisfactory proof of the death

108 Miss. 21

of an animal, the insurer will pay to insured a specified sum within ninety days, applies only where the insurer agrees to pay, or is undecided as to paying, and does not apply when insurer positively refuses to pay, in which case insured may sue at once on the policy.

APPEAL from the circuit court of Leflore county.
. HON. MONROE McCLURG, Judge.

Suit by Willis Nero, against the Atlantic Horse Insurance Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Hill & McBee,* for appellant.

We submit that by the terms of the policy sued on, this company does not become liable to pay for the animal insured by reason of its death in any event, but only in accordance with the terms of its policy. By the policy it appears that the company is not to be liable on account of the death of any animal occurring by reason of the neglect, carelessness, act or will of its owner, agents, etc., or in case the animal is poisoned, unless by a veterinarian, nor if the animal is afflicted with glanders or farcy, nor if the home of the animal insured is changed, or if the owner of the animal shall mortgage it, or sell it, or place any other lien upon it.

As to whether or not these latter provisions of the policy were complied with the company did not know at the time of the filing the suit nor at any time, so far as the record shows. We say that before we can be called upon to defend a suit on account of this policy we are entitled to know first from the insured what he has to say with reference to how the death of the animal occurred, and whether or not it was among the excepted clauses. Before we are required to join issue with him as to whether or not he kept and performed the conditions of the policy we must have his proof of loss. In other words, by our contract we are entitled to know what he claims with

reference to his loss before we hear it for the first time in a court of law. While it is unnecessary to plead in the justice court that proofs of loss have been furnished, it is necessary to prove it.

"Where, by the terms of a policy of insured on property, the payment of the loss is to occur after the furnishing of notice and certain proofs thereof, the furnishing of such notice and proofs constitute a condition precedent, which, must be pleaded and proved." Cooley on Insurance, sec. 3347. We take it that this authority cannot be denied. Cooley on Insurance, sec. 3516.

"Where a policy of life insurance requires notice and proof of death as a condition precedent to payment, notice alone is not sufficient; and though the insurers, on receipt of such notice, do not call for further proof, they do not thereby waive their right to insist upon it." Note 137, A. S. R. 718.

"Mere silence of the insurer after receiving notice of loss cannot be construed as a waiver of the presentation of sworn proofs of loss. *Central State Insurance Company* v. *Oates,* 6 So. 83, 11 Am. St. Rep. 67.

We find this rule changed in Mississippi with reference to fire insurance at section 2593 of the Mississippi Code of 1906, which is as follows: "In case of destruction or damage of property by fire where the same is insured against fire, it shall be the duty of the insurance company or companies liable for such loss, within a reasonable time after receiving notice thereof, to furnish to the insured, proper blanks upon which to make the required proof of such loss, with full directions as to what proof is required to secure the payment of the policy, and if the insurance company fails to comply with this section, the failure of the insured to make proper proof of loss prior to the suit shall be no defense to a suit upon the policy, and in all cases the insured shall have a reasonable time within which to make such proof after the blanks and directions are received." But this section

applies to fire insurance and leave the rule with reference to insurance of other kind unchanged.

*Pollard & Hamner,* for appellee.

Appellant defends on the ground that proofs of loss as required by the policy were never made. We reply that there was both an implied waiver and an express waiver by the company of the proofs of loss. Implied Waiver. Counsel for appellant in his brief, says: ''The insured having notified the company did nothing further, the company did nothing further. The question then is, whose move is it?'' We reply that the insured did notify the company by telegraph and registered letter of the loss, just as the policy required; that the company did do something further, to wit: wired the insured to "saw off sufficient portion of lower jaw to retain front teeth. Send us.'' The insured then did something further, to wit: he sawed off the portion of lower jaw and sent it. Thenceforward the company made no further requirements of him; by their telegram and consequent silence after Nero had complied with its terms, the company impliedly waived a further proof of death and of loss; after he had ''delivered'' the lower jaw as proof of death, and certainly it was proof, no animal could live without its lower jaw, if this was not sufficient, then good faith required of the company that they make demand of him for such other proof as they needed. ''If the insurer acts so as to induce the assured to reasonably believe that they would not insist upon it, they will be estopped afterward from insisting upon it.''

*McPike* v. *Insurance Co.,* 61 Miss. 43; *Providence Washington Insurance Co.* v. *Wolf,* 120 Am. State Rep. 400; *Welsh* v. *Insurance Co.,* 31 Am. St. Rep. 787; also, 19 Am. State Rep. 719; *Gould* v. *Dwelling House Ins. Co.,* and numerous cases cited, the last case a well considered and possibly the leading case, says: ''If the insured, in good faith and within the stipulated time does what he

plainly intends as a compliance with requirements of policy, good faith equally requires that the company shall promptly notify him of their objections so as to give him opportunity to obviate them and mere silence may mislead him to his disadvantage to suppose the company satified as to be of itself sufficient evidence of waiver by estoppel.''

If the company had never sent its telegram in response to the notice of death, they might assume the position taken by counsel for appellant and deny liability, for their absolute silence might have protected them; but they did not keep silent. They answered Nero's telegram and letter and so broke the silence under which they might have claimed protection.

The instant case is materially different for the case cited in appellant's brief of *Cen. State Ins. Co.* v. *Cates,* 6 So. 83, 11 Am. St. Rep. 67, the insurance company in that case was absolutely silent, no preliminary proofs were ever sent, no acknowledgment made of anything, and that case cannot apply.

But if there was no implied waiver, there was an express waiver. It was contained in their letter of June 27th, addressed to the attorneys for plaintiff. The authorities are numerous that the denial of liability is a waiver by the company of proof of loss. *Planters Ins. Co.* v. *Comfort,* 50 Miss. 675; *Security-Mutual Ins. Co.* v. *Woodson,* 116 Am. St. Rep. 75, and countless other cases.

This letter of June 27th was an unequivocal denial of liability; note especially the wording of the letter, to wit: ''This man has no claim against us.'' Nothing could be more absolute. ''He never has complied with the conditions of our policy. We do not think that he has any claim whatever.'' Thus far the letter expresses the opinion of the company itself, as to its liability, namely, that the man has no claim and that the company does not think that he has any claim whatever. The remainder of the letter, ''but if he thinks that he has, or if

you think that he has, he should present it in the manner prescribed in the policy, at which time we will take such action as the facts warrant,'' holds no promise to pay, admits no liability and is not contradictory of the first part denying liability. In other words the letter clearly indicates that they are not going to pay and that there is absolute denial of liability, and that further efforts on the part of the plaintiff to make further proofs under the policy would be useless. See *Deity* v. *Insurance Co.,* 25 Am. St. Rep. 908. The court below decides the facts were sufficient to constitute a waiver.

If this letter does not constitute an express denial of liability and therefore, waiver, we submit that it is an evasion and that the insured should be entitled to be apprised of any further requirements or any further defects in the proof submitted.

SMITH, C. J., delivered the opinion of the court.

This suit was instituted in the court below by appellee, who will be hereinafter called the ''plaintiff,'' to recover of appellant, who will hereinafter be called the ''defendant,'' the value of one horse, the property of the plaintiff, and the life of which was insured in defendant company. At the close of the evidence defendant asked, and was refused, a peremptory instruction, and upon the cause being submitted to the jury there was a verdict and judgment for the plaintiff. The refusal of this peremptory instruction is assigned for error.

The policy sued on provides:

''Upon the death of each animal insured hereby the insured shall immediately notify the home office at Providence, Rhode Island, by telegrah, and shall send a registered letter within twenty-four hours, and shall not dispose of the body until this company has identified such animal so deceased, without the order therefor in writing of said company, and shall as soon as possible thereafter mail, or deliver to this company proofs of such death sat-

isfactory to this company, and upon and in compliance with forms issued by said company."

Immediately upon the death of the horse the defendant was notified thereof in accordance with this provision of the policy, whereupon it telegraphed the plaintiff to "saw off sufficient portion lower jaw to retain front teeth send us," which request was by the plaintiff complied with. Nothing further seems to have been done in the matter until about one month thereafter, when Messrs. Pollard & Hamner, plaintiff's attorneys, wrote defendant reminding it of what had occurred, and requesting payment for the death of the horse. This letter was not answered by the defendant, and about ten days thereafter these attorneys again wrote the defendant as follows:

"We wrote you several days ago in regard to the claim of Willis Nero against you but have not been favored with a reply to that letter. Please give us an immediate reply as we do not want to enter suit on it unless we are forced to do so to collect the money. We will hold the matter until Monday next, July first, at which time suit will be filed unless the claim is paid."

To this letter defendant replied as follows:

"Your letter states that you are going to bring suit in the matter of Willis Nero on the first of July, unless this claim is paid.

"This man has no claim against us. He never has complied with the conditions of our policy. We do not think that he has any claim whatever, but if he thinks that he has, or if you think that he has, he should present it in the manner prescribed in the policy, at which time we will take such action as the facts warrant."

This suit was then instituted. One of the grounds upon which it is sought to uphold the defendant's claim for a peremptory instruction is that the plaintiff failed to furnish proofs of loss as provided in the policy. To this contention there are two sufficient answers:

1. By the defendant's letter to Messrs. Pollard & Hamner, it disclaimed liability and thereby rendered it unnecessary for the plaintiff to furnish proofs of loss. *Planters' Ins. Co. v. Comfort,* 50 Miss. 675; *Insurance Co. v. Gibson,* 72 Miss. 66, 17 So. 13.

2. The policy itself provides that proofs of loss should be made "upon and in compliance with forms issued by" the defendant. This provision of the policy could not be complied with unless the defendant furnished to the plaintiff a "blank" or "form" upon which to make the necessary proof and by which he would also be advised of the character of proof desired; and no such blank or form was furnished to him. The defendant was notified of the death of this horse, and if it desired further proof thereof, additional to that called for in its telegram, it should have complied with the terms of its policy by furnishing to the plaintiff a blank or form upon which to make it.

Cooley, in his briefs on the Law of Insurance (page 3517), refers to the fact that "in Missouri it is provided by statute that a failure of the company to furnish blanks shall estop it to complain of insured's failure to furnish the proofs," and states that:

"In the absence of statute the company will not be estopped by a failure to deliver blanks, unless the insured had some reason under the policy, or on account of the company's promises, to expect it to furnish the blanks."

This seems to be authority for the rule we have here applied, for the statement is that the company will not be estopped "unless the insured had some reason under the policy . . . to expect it to furnish blanks," and here the policy itself expressly so provides. In the cases cited by Cooley in support of this text (other than *Coldham v. Amer., etc., Co.,* 8 Ohio Cir. Ct. R. 620, which we have not examined), there was no provision in the policy that proofs of loss should be made upon forms issued by the company.

But it is said that the peremptory instruction should have been given for the reason that the policy provides

"that upon and dating from receipt of satisfactory proof of the death of one or more of said animals to pay the said insured, . . . a sum not exceeding the sum at which such deceased animal . . . rated . . . within ninety days," and that even should it be held that the defendant waived proofs of loss by its letter to Messrs. Pollard & Hamner, it had ninety days thereafter in which to make payment, and this suit was brought before the expiration of that time. To this contention, assuming that the point can be raised by a request for a peremptory instruction, there are also two sufficient answers:

1. The record does not disclose that the policy contains any such provision. As it appears in the record, the provision of the policy referred to is as follows:

"That upon and dating from the receipt of satisfactory proof of the death of one or more of said animals to pay the said insured, his executors, administrators or assigns, a sum of not exceeding the sum at which deceased animal or animals are rated in said rider attached hereto within delivery of this policy, which is made while any of these animals are not in good health, shall not be valid or binding on the company."

This reason for upholding the refusal of the peremptory instruction is not set forth or relied upon in the brief of counsel for appellee, and it may be that the policy in fact contains such a provision, and that an error was made in copying it into the record. We must try the case, however, on the facts disclosed by the record, and not upon the facts disclosed by the briefs of counsel.

2. This provision of the policy, conceding that it contains such, was waived by defendant's absolute denial of all liability. Such a provision "applies only where the insurance company agrees to pay, or is undecided in regard to paying, but not when it peremptorily refuses to pay the loss." While the defendant's letter to Messrs. Pollard & Hamner suggested that the plaintiff present his claim "in the manner prescribed in the policy," it

is manifest from the letter that defendant intended thereby to deny liability.