### 38973. UNITED BENEFIT LIFE INSURANCE COMPANY OF OMAHA v. GLISSON.

DECIDED NOVEMBER 9, 1961—REHEARING DENIED DECEMBER 13, 1961.

*Hitch, Miller & Beckmann, Joe R. Young, Jr.,* for plaintiff in error.

*Crawford, Leeb & Calhoun, John R. Calhoun,* contra.

FRANKUM, Judge. Defendant contends that the plaintiff's petition does not state a cause of action because of the following provision of the policy: "The provisions of this policy relating to benefits, other than life insurance benefits, do not cover (a)

accidental bodily injuries arising out of or in the course of the employment of the protected person or his dependents or sickness covered by a Workmen's Compensation Act or similar legislation. . ."

The defendant contends that it is not obligated to pay the plaintiff for hospital and medical expenses incurred by him as a result of injuries to his person arising out of or in the course of his employment, regardless of whether such expenses are, or are not, covered by workmen's compensation. In other words, the defendant contends that the phrase "covered by the Workmen's Compensation Act or similar legislation" modifies only the word "sickness." If a provision of an insurance policy is ambiguous or subject to more than one construction, the construction most favorable to the insured will be adopted. *John Hancock Mut. Life Ins. Co. v. Frazer*, 194 Ga. 201 (20 SE2d 915); *Prudential Ins. Co. v. Chestnut*, 8 Ga. App. 246 (68 SE 952).

In *Whitaker v. State*, 11 Ga. App. 208 (5) (75 SE 258), it was held: "The word 'or' is generally used as a disjunctive, and to express the notion that the two clauses which it connects are alternative; but this is not always so; it may properly be used to introduce a statement which is an amplification or explanation of a preceding statement."

In many cases the disjunctive "or" is construed to mean "and." *Clay v. Central R. & Bkg. Co.*, 84 Ga. 345 (10 SE 967). See also *Everitt v. LaSpeyre*, 195 Ga. 377 (24 SE2d 381).

We are of the opinion that the exclusion clause of the policy above quoted does not relieve the defendant of liability for hospital and medical expenses incurred by the plaintiff as a result of accidental injuries to his person simply because he sustained such injuries while performing duties in the course of his employment, unless he would have a cause of action for such expenses under the Workmen's Compensation Act or similar legislation. The petition affirmatively alleges that the plaintiff was "not covered by workmen's compensation or similar legislation" at the time he suffered the injuries to his person.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*