CANAL INSURANCE COMPANY, et al. *v.* HOWELL, d.b.a. HOWELL LUMBER SALES

No. 42875 February 10, 1964 160 So. 2d 218

*Satterfield, Shell, Williams & Buford,* Jackson, for appellant, Canal Insurance Company.

681

*Carothers & Fedric,* Grenada, for appellee, H. L. Howell.

RODGERS, J.

H. L. Howell filed suit in the Circuit Court of Grenada, County against Canal Insurance Company upon a cargo insurance policy, and against Crawford & Company, the alleged agent of the appellant-insurance-company. The trial resulted in a judgment in favor of H. L. Howell against the appellant-insurance-company in the sum of $4,025.85. The trial court directed a verdict in favor of Crawford & Company. The court overruled a motion for a new trial and a motion for judgment, notwithstanding the verdict of the jury, whereupon, Canal Insurance Company appealed. The plaintiff, H. L. Howell, also perfected an appeal against Crawford & Company but neither filed a suggestion of error nor a brief on appeal. Crawford & Company has filed a motion to dismiss the appeal against it, and no response has been filed to this motion.

The litigation here involved grew out of the following facts and circumstances: H. L. Howell is in the wholesale lumber business. He buys and sells lumber, grain and other commodities. He transports the lumber and other cargo in large trucks. He used a large Mack Diesel truck, 1961 model, with a large 8-wheel trailer attached, on the occasion here involved. The trailer had a flat bed with a movable siding, that could be erected and lowered at will. This trailer was covered with a tarpaulin.

The appellee, H. L. Howell, had an order to transport a McDonough Line Bar Resaw from the manufacturer at Eau Claire, Wisconsin, to a purchaser at Philadelphia, Mississippi. The appellee Howell had previously secured collision and cargo insurance on his trucks, but he decided to increase the cargo insurance on the truck to be used on the occasion involved, because of the value of the machine to be transported. Whereupon, appellee Howell contracted with the Montgomery Insurance Agency, the agent from which he had purchased the original policy and obtained a special, one-trip cargo insurance endorsement to be attached to the original policy in the sum of $18,500, raising the cargo insurance coverage to $20,000, for which he paid the sum of $185 premium.

The driver operating the above-mentioned truck proceeded to Eau.Claire, Wisconsin, obtained possession of the sawmill machine, and as he returned, over U. S. Highway 61, on July 26, 1963, near Davenport, Iowa, he ran against a concrete underpass. The underpass consisted of a concrete bridge across the highway. A railroad track, ties and railroad bed were constructed over the top of the concrete trestle. The top and sides of the truck were covered with a tarpaulin. The tarpaulin top was torn in the accident and the cargo (namely, the McDonough Line Bar Resaw) was damaged. The driver brought the cargo to Grenada, Mississippi, where it was inspected by Jack Bailey, an agent of Crawford & Company, an insurance adjustment agency. It is admitted by both defendants that Crawford & Company was hired to investigate the facts surrounding the loss. The plaintiff alleges that the adjuster advised the appellant Howell that the damage was covered by the insurance policy and gave Howell written authority to have the Line Bar Resaw repaired. Thereafter, the machine was returned to the manufacturer where it was repaired. This action was brought to recover the cost

of the repairs to the machine, the transportation cost, and the cost of repairs to the tarpaulin damaged in the accident.

The policy issued by appellant Canal Insurance Company to H. L. Howell, on which this action is based, contains the following provisions: "THIS POLICY INSURES (EXCEPT AS HEREINAFTER PROVIDED) THE LEGAL LIABILITY OF THE ASSURED FOR DIRECT LOSS OR DAMAGE CAUSED BY

\* \* \* \* \*

"(b) Accidental collision of the vehicle with any other vehicle or object (contact with any portion of the roadbed, curbing, rails or ties of street, steam or other railroad, or with any stationary object while backing for loading or unloading; collision of the load with any object; or the coming together of trucks and trailers during coupling or uncoupling; shall not be deemed a collision) ;".

## I.

The first four assignments of error on appeal are based upon the application for a directed verdict in favor of the appellant, and on the ground that the terms of the policy of insurance, supra, did not cover the damages to the cargo in the instant case, because, it is said: (1) the facts show that the load or vehicle came into contact with a portion of the "roadbed" of a "railroad", or (2) the load collided with the trestle. It is contended that the vehicle did not collide with the concrete underpass; that the collision was with the underpass and the road; therefore the company is not liable for the damages to the cargo.

In the outset, it is apparent to us from the facts here shown that the concrete underpass or trestle described in the testimony is not, strictly speaking, a portion of the roadbed, curbing, rails or ties of a railroad. The trestle here described is a concrete bridge

over which a railroad track, ties, and railroad bed are constructed. See 45 C. J. S., Insurance, §798, at p. 841; Meadows v. Pacific Mut. Life Ins. Company of California, 129 Mo. 76, 31 S. W. 578; Rouse v. St. Paul Fire & Marine Ins. Company, 219 S. W. 688; Long Motor Lines, Inc. v. Home Fire & Marine Ins. Company of California, 67 S.E. 2d 512.

██ ██ It is a familiar rule of construction of contracts, and especially insurance contracts, that the policies are construed more strongly against the writer, or party drafting the contract, and most favorably to the policy-holder. See Boyd v. Miss. Home Insurance Company, 21 So. 708, 75 Miss. 47; Eminent Household of Columbian Woodmen v. Bunch, 115 Miss. 512, 76 So. 540; Murray v. Metropolitan Life Ins. Company, 145 Miss. 266, 110 So. 660; Griffin v. Maryland Cas. Company, 213 Miss. 624, 57 So. 2d 486; Great American Insurance Company v. Triplett, 243 Miss. 815, 139 So. 2d 357.

In the instant case the primary question is, did the vehicle collide with an object causing damage to the cargo?

Appellant contends that the evidence shows that the load struck the bridge or trestle and therefore the damage alleged to have been sustained is not within the terms of the policy. On the other hand, the appellee, Howell, points out that the truck had wooden sides and was covered with a tarpaulin, and that the tarpaulin was in fact the roof of the vehicle and is therefore a part of the vehicle.

██ ██ We do not find where this question has been presented to this Court before this time, but it has been presented to appellate courts of other states and there seems to be a conflict of opinion. It would appear that in the cases holding that the insurance company is not liable where the load strikes an overhead bridge, the evidence shows that the load or cargo struck the bridge and no part of the vehicle came in contact with the

"object". On the other hand, where any part of the vehicle did strike the bridge, the insurance company is held to be liable. See the following cases: Edgerton & Sons, Inc. v. Minneapolis Fire and Marine Ins. Company, 142 Conn. 669, 116 A. 2d 514; Brown Mfg. Company, Inc. v. Maryland Casualty Co., et al., 102 N.W. 2d 154 (Iowa 1960). See also Garford Trucking, Inc. v. Alliance Ins. Company of Philadelphia, 195 Fed. 2d 381; Gould Morris Electric Company v. Atlantic Fire Ins. Company, 229 N. C. 518, 50 S. E. 2d 294; Bucks County Const. Co., Inc. v. Alliance Ins. Company of Philadelphia, 162 Pa. Super. 153, 56 A. 2d 338; Anno. 36 A. L. R. 2d 522, Insurance-Motor Carrier Liability, § 10. See authorities to the contrary: Barish-Sanders Motor Company v. Fireman's Funds Ins. Company, 134 Neb. 188, 278 N.W. 374 (1938); Mendelsohn v. Automobile Ins. Company of Hartford, Connecticut, 290 Mass. 228, 195 N. E. 104 (1935); Wolverine Ins. Company v. Jack Jordan, Inc., 213 Ga. 299, 99 S.E. 2d 95 (1957).

We have reached the conclusion from the foregoing authorities that the question, in its final analysis, is reduced to whether or not the tarpaulin was a part of the vehicle, or whether it was simply a cover for the cargo being transported. This is a question of fact and is a question for the jury to determine on proper instructions.

 In the instant case the policy expressly excludes "collision of the load with any object." This clause of the policy is clear and unambiguous and the language must be given its plain meaning. See Benton v. Canal Ins. Company, 241 Miss. 493, 130 So. 2d 840 (1961); Farmers Mutual Ins. Association v. Martin, 226 Miss. 515, 84 So. 2d 688 (1956).

The trial judge granted an instruction to the plaintiff that the tarpaulin was a part of the vehicle. This instruction was erroneous and necessitates a reversal of this case.

## II.

■■ ■ It is next contended that the insured cannot recover because he did not file an itemized proof of loss with the insurance company in compliance with the terms of the policy. We are of the opinion, however, that the necessity of filing a proof of loss was waived by the insurance company for the following reasons: First, there is ample evidence in the record, if believed by the jury, to show that the agent of the insurance company adjusted the loss, without requiring a written proof of loss. Second, the insurance company did not notify the insured that it refused to accept the adjustment made by its agent until long after the damaged machine had been repaired. Finally, the insurance company would not have considered any claim for loss, in writing or otherwise, because, during the time allowed by the terms of the policy for filing written proof of loss, the insurance company denied liability upon the ground that the policy did not cover the loss here involved. See: Atlantic Horse Ins. Company v. Nero, 108 Miss. 321, 66 So. 780; Clegg v. Johnson, 164 Miss. 198, 143 So. 848; Home Insurance Company of New York v. Gibson, 72 Miss. 58, 17 So. 13.

■■ ■ It is true, as contended by the appellant-insurance-company, that an insurance adjuster does not have authority to extend the coverage in the policy to liability which is expressly excluded, but this does not mean that an insurance adjuster, acting for an insurance company, cannot settle claims which are within the meaning of the terms set out in the policy.

■■ ■ An adjuster is a special agent for the company and his powers and authority are usually coextensive with the business intrusted to his care, namely, the ascertainment and adjustment of the loss; ■■ ■ therefore, when an adjuster, acting for and on behalf of the company, adjusts a loss, the insurance company is estopped to deny the authority of the adjuster. Provi-

dence Washington Ins. Company v. Weaver, 242 Miss. 141, 133 So. 2d 635; §5706, Miss. Code 1942, Rec.; Germania Life Ins. Company v. Bouldin, 100 Miss. 660, 56 So. 609.

## III.

██ ██ It is next contended that there was no evidence introduced detailing the cost of repair of the machine; nor was there testimony offered to show that repairs were necessary as a result of the accidental damage to the machine, nor was there any testimony to show that the cost was reasonable. ██ ██ This Court has from time to time pointed out that where the cost of repairs is relied upon as a measure of damages, the proof must show that the repairs were necessary, as the result of the collision and that the cost therefor was reasonable. See: National Fire Ins. Company of Hartford v. Slayden, 227 Miss. 285, 85 So. 2d 916. In the instant case this evidence was offered by the insured as an expert sawmill operator, and although his testimony was not entirely satisfactory, it was sufficient to avoid a motion for a directed verdict. Since this case is to be retried, we refrain from further comment on this point, except to point out that it is necessary for the plaintiff to establish his case by a preponderance of the evidence.

██ ██ The question as to whether or not it was necessary to incur transportation cost to bring the machine from the place where it was damaged and return it to the factory for repairs, rather than have it repaired in Mississippi, — or at the place where the damage occurred, — is a question of fact to be determined by the jury; provided the jury finds that the vehicle collided with an object from which the damage resulted ██ ██ We are of the opinion that insured cannot recover for the damage to the tarpaulin involved in this action.

Instructions to be granted upon the retrial of this case should comply with the foregoing opinion.

## IV.

██ ██ Crawford & Company filed a motion in this case, on appeal, requesting this Court to docket and dismiss the appeal of the appellant, H. L. Howell against it, because the appellant failed to file his assignment of errors or his brief against the appellee, Crawford & Company, within the time permitted by the Rules of this Court.

We are of the opinion that this motion should be sustained. Appellant Howell did not comply with Rules 6 (1) and 7 (1) of the Rules of the Supreme Court.

The order and judgment of the lower court releasing Crawford & Company from the suit is therefore affirmed, and the motion to dismiss the appeal against Crawford & Company is sustained.

The judgment of the Circuit Court in favor of Crawford & Company is affirmed, and the judgment in favor of H. L. Howell is reversed and remanded for a new trial.

Affirmed as to Crawford & Company, and reversed and remanded.

*Kyle, P. J., and Ethridge, Gillespie and Patterson, JJ.,* concur.