**Luther W. BLAYLOCK, Plaintiff,**

v.

**LIFE INSURANCE COMPANY OF NORTH AMERICA, Defendant.**

**EC83–469–LS–D.**

United States District Court,
N.D. Mississippi, E.D.

July 30, 1985.

---

**17.** To the extent either party seeks summary judgment on issues related to damages, such

motions are denied.

Stephen M. Corban, Mitchell, Voge, Clayton & Beasley, Tupelo, Miss., for plaintiff.

James O. Dukes, Bryant, Stennis & Colingo, P.O., Gulfport, Miss., for defendant.

MEMORANDUM OPINION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT TO INCLUDE PREJUDGMENT INTEREST

SENTER, Chief Judge.

Presently before the court are cross-motions for summary judgment and plaintiff's motion for leave to amend. This action is to recover on an insurance policy issued by defendant to plaintiff's employer, under which plaintiff was covered. The controversy surrounds one particular exclusion clause contained in the policy. Both parties concede that interpretation of this clause would be dispositive in deciding which party prevails in this lawsuit. The court, having reviewed the memoranda submitted by the parties and being otherwise fully advised, concludes that plaintiff's motion for summary judgment should be granted, and defendant's motion for summary judgment should be denied. The court also concludes that, in the interest of justice, plaintiff should be permitted to amend his complaint to include in his prayer for relief prejudgment interest.

A. FACTS.

The parties have stipulated to the relevant facts in an Agreed Statement of Fact. Plaintiff's employer participated in a group insurance policy under which plaintiff, as an employee, was covered. The policy provided plaintiff with insurance coverage for certain medical expenses. Plaintiff was injured in an automobile accident while acting within the scope of his employment at a time when the policy was in full effect. The employer was at no time covered by workmen's compensation, either statutorily or voluntarily. Consequently, plaintiff was provided no benefits under that or a similar law. Defendant insurer denied payment of plaintiff's claim pursuant to an exclusion which denies medical coverage for

(1) Injuries sustained as a result of an accidental bodily injury arising out of or in the course of employment for wage or profit *or* illness for which benefits are payable under any workmen's compensation or similar law. (Emphasis added.)

Plaintiff incurred medical expenses of $45,947.19, $200.00 of which is a deductible to be borne by plaintiff. The total amount due plaintiff would be $44,851.10, due to the policy's coverage limits. The parties further agreed that prejudgment interest,

if applicable, should begin to run as of January 10, 1983.

The center of controversy in this action is the word "or" in the above exclusionary clause. The plaintiff argues that this clause creates only one exclusion for injuries and illnesses that are covered by workmen's compensation and that his medical expenses are covered since he was ineligible for workmen's compensation coverage. He argues that the language is clear and unambiguous. In the alternative, plaintiff argues that the language is ambiguous and that the rules of construction and interpretation mandate finding in his favor. Defendant, on the other hand, argues that the language clearly and unambiguously excludes from coverage injuries sustained as a result of employment, whether or not covered by workmen's compensation. In other words, defendant claims that the above provision is in fact two separate and distinct exclusions: one for injuries sustained in the course of employment, and another for illness for which workmen's compensation is payable. In short, the controversy is whether the phrase "for which benefits are payable under any workmen's compensation or similar law" modifies "illness" only or both "injuries" and "illness." We hold that it modifies both.

### B. SUMMARY JUDGMENT.

As a federal court sitting in a diversity action, we are *Erie*-bound to follow Missis-sippi's rules of construction and interpretation of insurance contracts.[1] Mississippi follows the universal rule that insurance contracts are to be construed most strongly against the drafter,[2] and that unclear and ambiguous language in any insurance contract will be construed in favor of the insured and against the insurer.[3] Courts should construe ambiguous terms in an insurance contract so that the purpose of the policy will not be defeated, and if the terms are reasonably susceptible to two interpretations, the one sustaining indemnity must prevail.[4]

It is also well-settled Mississippi law that these rules of construction are applicable only if there is an ambiguity, and that courts should not strain to find an ambiguity "if, in so doing, they defeat probable intentions of the parties."[5] A court must not create an ambiguity where none exists nor make a new contract for the parties.[6] If the policy is clear and unambiguous, its terms will be enforced as written.[7] Moreover, insurance policies will be interpreted to effect the broad purpose of coverage when this can be done without doing violence to the language of the policy.[8] Such policy must be given a sensible interpretation,[9] and policy terms must be construed in light of the purposes and hazards

1. See Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938).

2. State Farm Mut. Auto. Ins. Co. v. Taylor, 233 So.2d 805 (Miss.1970); Canal Ins. Co. v. Howell, 248 Miss. 678, 160 So.2d 218 (1964).

3. Government Employers Ins. Co. v. Brown, 446 So.2d 1002, 1006 (Miss.1984); McLaurin v. Old Southern Life Ins. Co., 334 So.2d 361 (Miss. 1976); Mavar Shrimp & Oyster Co. v. U.S.F. & G. Co., 187 So.2d 871 (Miss.1966).

4. Aetna Life Ins. Co. v. Evins, 199 So.2d 238, 241 (Miss.1967).

5. Calcasieu-Marine National Bank of Lake Charles v. American Employers' Ins. Co., 533 F.2d 290, 296 (5th Cir.1976); Brander v. Nabors, 443 F.Supp. 764, 769 (N.D.Miss.1978); State Auto. Mut. Ins. Co. of Columbus, Ohio v. Glover,

253 Miss. 477, 176 So.2d 256 (1965); Mississippi Ben. Ass'n v. Majure, 201 Miss. 183, 29 So.2d 110, 112 (1947).

6. Life & Cas. Ins. Co. of Tennessee v. Harvison, 187 So.2d 847 (Miss.1966).

7. Aetna Cas. & Surety Co. v. Head, 240 So.2d 280, 282 (Miss.1970); Gotcher Eng. & Mfg. Co. v. U.S.F. & G. Co., 193 So.2d 115 (Miss.1966); Employers' Mut. Cas. Co. v. Nosser, 250 Miss. 542, 164 So.2d 426, suggestion of error overruled, 250 Miss. 542, 168 So.2d 119 (1964).

8. Fireman's Fund Ins. Co. v. McDaniel, 187 F.Supp. 614, 618 (N.D.Miss.1960) (interpreting Mississippi insurance contract).

9. Interstate Life & Accident Co. v. Waters, 213 Miss. 265, 56 So.2d 493, 495 (1952).

against which the policy was designed to protect.[10]

■ The above rules of construction are especially significant in the action *sub judice* since the clause in issue has not been interpreted by a Mississippi court. Courts in other jurisdictions, however, have been called upon to construe similar provisions, and so we must turn to those decisions for guidance, but to be used within the construction constraints imposed by the Mississippi Supreme Court. We conclude that the more reasoned interpretation of the clause in issue here warrants a finding in favor of plaintiff. We are more persuaded by the decisions which construe this kind of provision as a single exclusion in which the phrase "for which benefits are payable under any workmen's compensation or similar law" modifies both "accidental bodily injury" and "illness."

Plaintiff cites several decisions which have favorably construed a similar provision. *Benefit Life Ins. Co. of Omaha v. Glisson*,[11] for example, was an action to recover under the provisions of a group hospitalization policy. The policy excluded coverage for

(a) accidental bodily injuries arising out of or in the course of the employment of the protected person or his dependents or sickness covered by a Workmen's Compensation Act or similar litigation....

The defendant insurer presented the same argument as the defendant in the case *sub judice:* the phrase "covered by the Work-

men's Compensation Act or similar litigation" modified only the word "sickness." Consequently, defendant argued, plaintiff should not be permitted to recover for injuries sustained while not covered by workmen's compensation.

In holding defendant liable for plaintiff's hospital and medical expenses, the court construed the critical word "or" to be "an amplification or explanation of [the] preceding statement."[12] The court further concluded that in many cases, the disjunctive "or" is construed to mean "and."[13] The Kansas Supreme Court in another decision has agreed with this interpretation, although a different result was reached since the employee was also covered by the state's workmen's compensation statute.[14]

The interpretation requested by defendant here will be nonsensical. If the phrase modifies "illness" only, then the policy would deny medical benefits to employees who are injured while in the course of their employment, regardless of whether or not they are covered by workers' compensation. It is stipulated by both parties in the Agreed Statement of Fact that the defendant provided plaintiff with coverage for certain medical expenses. As we noted above, the policy must be construed in light of the purpose and hazards against which the policy was designed to protect.[15] Since this policy was issued to cover medical expenses for certain injuries, the insurer should not be permitted to take away in an

10. *Monarch Ins. Co. of Ohio v. Cook,* 336 So.2d 738, 741 (Miss.1976).

11. 105 Ga.App. 122, 123 S.E.2d 350 (1961).

12. 123 S.E.2d at 325 (quoting previous state court decision).

13. *Id.* (Citations omitted.)

14. *See St. Francis Hosp. and School of Nursing, Inc. v. Eckman,* 212 Kan. 131, 510 P.2d 175, 177 (1973). Another case cited by plaintiff is not as similar to this action. The policy provision in issue in *Rankin v. New York Life Ins. Co.,* 240 So.2d 758 (La.App.1971), permitted payment for claims for injuries if "(c) the confinement is not due to an accidental bodily injury arising out of or in the course of employment, or a sickness

entitling the employee's insured dependent to benefits under a Workmen's Compensation Act or similar legislation." Defendant argued that the policy excluded coverage for expenses incurred as a result of accidental bodily injury arising out of or in the course of employment. In other words, the insurer argued that the provision contained two different exclusions. The court, however, concluded that it contained only one exclusion which encompassed both accidental injury and sickness. *Id.* at 762. This result was reached despite the comma between the words "employment" and "or," which could possibly be construed to separate two separate exclusions. There is no comma in the clause in issue in the action *sub judice,* and that removes any further doubt as to the intent of the drafter.

15. *See supra* note 10 and accompanying text.

exclusion the very coverage for which the policy was purchased.

Another factor which this court finds significant is the way the policy sets forth the exclusions. They are separately lettered (a) through (m), with (*l*) being the clause in issue. Because the drafter apparently intended to set forth each exclusion separately, then if his intent had been to make two exclusions from the clause in issue, he would have separated it by another letter and not included it in another exclusion without using any punctuation to differentiate it.

Construed in light of the purpose of issuing a medical insurance policy and especially noting that all other exclusions in the policy are separately lettered, the court must conclude that the policy covers the plaintiff employee for illness or injuries resulting from his employment, unless he was covered by workmen's compensation, which he was not here.

But even assuming, *arguendo*, that this provision could support two conflicting interpretations, basic rules of contract interpretation mandate that we construe the clause so that the purpose of the policy—providing medical benefits to employees—is not defeated, and that the interpretation sustaining indemnity prevails.[16]

The court finds unpersuasive the cases cited by defendant supporting its contention that the clause contains two different exclusions. Defendant's reliance upon *Brezan v. Prudential Ins. Co. of America*,[17] is misplaced. The court there was called upon to interpret a clause which excluded from coverage charges incurred in connection with

(a) injury arising out of, or in the course of, any employment for wage or profit, or

(b) disease covered, with respect to such employment, by any workmen's compen-

sation law, occupational disease law or similar legislation.
The plaintiff sought to apply the workmen's compensation phraseology to both subsections (a) and (b), excluding occupational injuries covered by workmen's compensation laws.[18] The court, however, reasoned that the drafters would have combined the two provisions if they had intended for the workmen's compensation phraseology to apply to both.[19]

We agree that a clause such as the one interpreted in *Brezan* is clear and unambiguous. The drafters of that provision intended two separate and distinct exclusions. It is just as clear in the action *sub judice* that the drafters did not intend two separate and distinct exclusions. If they had, they would have separated the two provisions, as the insurer in *Brezan* did.

In summary, we find that the exclusion clause in issue here is clear and unambiguous. We construe it to exclude injuries sustained from employment or any illness if such injury or illness is covered under workmen's compensation or a similar law. Since the parties have stipulated that plaintiff's employer was not covered by workmen's compensation or similar law, either by statute or voluntarily, then defendant is liable for medical expenses incurred by plaintiff as a result of injuries sustained while acting within the scope of his employment. The parties have stipulated that the amount of expense for which defendant is liable is $44,851.10.

## C. PREJUDGMENT INTEREST.

■ Fed.R.Civ.P. 15(a) permits amendment to a complaint as a matter of right before any responsive pleading has been filed; subsequent amendments may be granted by the trial judge "when justice so requires." The federal rules assume a liberal stance in permitting amendment to pleadings.[20] "[U]nless there is a substan-

---

**16.** *See supra* note 4 and accompanying text.

**17.** 507 F.Supp. 962 (E.D.Pa.1981).

**18.** *Id.* at 963–64.

**19.** *Id.* at 964–65.

**20.** *See generally Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226 (1962).

tial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."[21] Among the valid reasons which may allow denial of permission to amend a pleading are undue delay, bad faith, repeated failure to amend, and unfair prejudice to the opposing party.[22] *Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541, 546 (5th Cir.1983). None of these factors supports denial here.

■ Although this court looks with a jaundiced eye upon the long delay by plaintiff in requesting such amendment, delay alone is not dispositive of the matter.[23] There is no hint of, and defendant does not suggest, bad faith on the part of the plaintiff in filing this motion.

Perhaps the most significant factor to be addressed is unfair prejudice to the opposing party. The court finds that defendant would not be prejudiced in any way by plaintiff's amendment. The defendant has even conceded in his brief that the requested amendment would not require additional discovery, the introduction of any new evidence, or additional briefing by the parties.[24] Since the prior pleadings have provided defendant adequate notice of the transactions at issue, amendment of those pleadings to include prejudgment interest will in no way unduly prejudice defendant.[25]

The court finds inapposite the cases cited by defendant in support of the proposition that prejudgment interest should not be granted. Both *Peel v. American Fidelity Assur. Co.*[26] and *Randal Craft Realty Co. v. Unijax, Inc.*[27] were actions which reached the post-judgment stage before the respective plaintiffs requested prejudg-

ment interest. Indeed, the plaintiff in *Randal Craft* admitted that it should not receive prejudgment interest "because it failed to make such a request in its initial pleadings *or by subsequent amendment.*"[28] The plaintiff in the case *sub judice* is not requesting interest for which he has not pleaded; rather, he is simply asking leave to amend his pleading to include such interest.

In the interest of justice and in the absence of prejudice to defendant, this court grants plaintiff's motion for leave to amend his complaint to include a demand for prejudgment interest from the period beginning January 10, 1983. The court finds that a reasonable rate for prejudgment interest in this cause is 10 percent per annum, compounded annually. Post-judgment interest shall be 7.60 percent per annum until paid.

An order in conformance with this option shall be this day rendered.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT TO INCLUDE PREJUDGMENT INTEREST

In conformance with a Memorandum Opinion this day rendered, IT IS ORDERED:

That plaintiff have judgment against defendant in the sum of $44,851.10 for covered medical expenses incurred as the result of injuries sustained by plaintiff while in the course of his employment;

**21.** *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 598 (5th Cir.1981) (citing *Lone Star Motor Import v. Citroen Cars,* 288 F.2d 69, 75 (5th Cir.1961)).

**22.** *Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541, 546 (5th Cir.1983).

**23.** *See, e.g., Spartan Grain & Mill Co. v. Ayers,* 517 F.2d 214, 220 (5th Cir.1975) (allowing amendment adding counterclaim 16 months after original answer and counterclaims).

**24.** *See Ayers,* 517 F.2d at 220.

**25.** *See Dussouy,* 660 F.2d at 599.

**26.** 680 F.2d 374 (5th Cir.1982).

**27.** 653 F.2d 1066 (5th Cir.1981).

**28.** *Randal Craft,* 653 F.2d at 1070 (emphasis added); *see also Peel,* 680 F.2d at 378; *M.T. Reed Constr. Co. v. Nicholas Acoustics Co.,* 379 So.2d 308 (Miss.1980).

That plaintiff's motion for leave to amend complaint to include prejudgment interest is granted, and the complaint is so amended;

That plaintiff is awarded prejudgment interest at the rate of 10 percent per annum, compounded annually, from January 10, 1983, to this date;

That the aforesaid judgment, including prejudgment interest, shall bear interest at the rate of 7.60 percent per annum until paid.