**THREE STAR TRANSPORTATION, INC., Plaintiff,**

v.

**CONTINENTAL INSURANCE COMPANY, Defendant.**

**Civ. A. No. J89–0324(L).**

United States District Court, S.D. Mississippi, Jackson Division.

Nov. 17, 1989.

---

David W. Dreher, Jackson, Miss., for plaintiff.

Barry H. Powell, Thomas, Price, Alston, Jones & Davis, Jackson, Miss., for defendant.

---

## 502

### MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

Plaintiff Three Star Transportation, Inc. (Three Star) brought this action seeking to recover benefits under a policy of motor truck cargo insurance, as well as punitive damages as a result of the alleged bad faith refusal on the part of defendant Continental Insurance Company (Continental) to pay those benefits. This cause is presently before the court on the motion of defendant for summary judgment, or, in the alternative, partial summary judgment on the issue of punitive damages. Plaintiff has responded to the motion and the court has considered the memoranda of authorities together with attachments submitted by the parties.

Three Star, a trucking company which transports goods for others, obtained from Continental a policy of truck cargo insurance. During the effective policy period, plaintiff attempted to transport two large transformers on a flatbed trailer. While passing under an overpass, the transformers, being too tall for passage, struck the bottom of the overpass and were damaged. No part of the truck or trailer came in contact with the overpass. Three Star filed a claim for $95,694 under the policy for the damage to the transformers but Continental denied payment on the basis that the claim was not within the coverage provided. Continental takes the position that the policy does not cover damage caused by collision of only the cargo with an overpass but rather covers only damages or loss caused by collision of the truck and/or trailer.

■ The coverage afforded under the policy is set forth, in pertinent part, as follows:

We will pay for "loss" to Covered Property from any of the Covered Causes of Loss.

.     .     .     .     .

Covered Causes of Loss means "loss" caused by or resulting from the following causes ...:

a. Fire, lightning or explosion;

b. Windstorm;

c. *Collision of the conveyance with any other vehicle or object;*

d. Overturn of the conveyance;

e. Collapse of bridge, wharf, dock, platform or culvert;

f. Standing, sinking, burning, or collision of any regular ferry, including General Average and Salvage Charges;

g. Flood, meaning the rising of any natural body of water;

h. Theft, but excluding pilferage.

(emphasis supplied). Plaintiff argues that the policy at issue was intended to and does insure against loss or damage to the cargo while in transit and that the enumeration of the methods by which loss or damage may occur was intended only as a description of the ordinary ways and means of sustaining loss or damage and was not intended as a limitation as to the coverage provided. However, the policy itself belies this contention. Clearly, the policy is not an "all risk" policy designed to cover practically all losses but is instead a "limited risk" policy insuring only against those specifically denominated perils. See *Birmingham Fire Ins. Co. of Pa. v. Newsom Truck Lines*, 390 S.W.2d 537, 541 (Tex.Cir. App.1965) (Similar policy held to limit coverage to some seven specified perils).

■ Three Star next asserts that the policy, which covers damage caused by "collision of the conveyance with any other object," does cover loss caused by a collision of the cargo with another object, such as an overpass. Plaintiff reasons that had the policy been intended to limit protection to occurrences in which the vehicle strikes another object, the term "vehicle" or "scheduled vehicle" would have been used rather than the term "conveyance." That term, "conveyance," it is urged, is broader in scope than the term "vehicle" and connotes something in addition to the vehicle itself, namely, the cargo. At the very least, according to plaintiff, use of the term "conveyance" renders the subject policy provision ambiguous and precludes summary judgment. The court cannot accept this

contention. "Conveyance" has consistently been used in such policies to refer to the means by which anything is conveyed or transported; a conveyance, given its plain and ordinary meaning, is any instrument or means of transporting anything from one place to another. *See, e.g., Newsom Truck Lines*, 390 S.W.2d at 510 (differentiating between "cargo" and "conveyance"); *Weinberger Banana Co. v. Phoenix Assurance Co., Ltd., of London*, 74 F.2d 539, 540 (5th Cir.1935) (defining conveyance). The policy language in the case at bar does not indicate that the parties intended that there be attributed to the term "conveyance" anything other than this usual and accepted meaning. Therefore, the conveyance is distinct from the cargo.[1] Further, the policy is clear and unambiguous in its coverage of loss caused only by collision of the conveyance with an object; it provides no protection in the event of a collision of the cargo only.

In *Canal Insurance Company v. H.W. Howell*, 248 Miss. 678, 160 So.2d 218 (1964), the Mississippi Supreme Court upheld a cargo insurance policy exclusion which excluded from coverage "collision of the load with any object." The court recognized the existence of a conflict of opinion as to the proper application of the same or similar provisions:

> It would appear that in the cases holding that the insurance company is not liable where the load strikes an overhead bridge, the evidence shows that the load or cargo struck the bridge and no part of the vehicle came in contact with the "object". On the other hand, where any part of the vehicle did strike the bridge, the insurance company is held to be liable.

*Howell*, 160 So.2d at 221–22 (citations omitted). In *Howell*, as in this case, the cargo struck an overpass. There, however, the cargo was contained within wooden sides with a tarpaulin over the top; the court held that there was a jury question as to whether or not the tarpaulin was a part of the vehicle. *Id.* at 222. Here, there is no dispute that no part of the truck or trailer, i.e., the conveyance, collided with the overpass. Consequently, there is no coverage under the contract of insurance issued by Continental for the damages sustained to the transformers.

This court is aware, as was the Mississippi Supreme Court in *Howell*, that there is a difference of opinion among courts as to the applicability of such policy provisions, though those differences appear to depend primarily on the nature of the cargo to be transported. A different result might inure in this case, for example, if it were made to appear that the cargo intended to be insured and specifically described in the policy consisted of "large, cumbersome property that would necessarily extend out beyond the sides of the conveyance or above the cab ..." *Newsom Truck Lines*, 390 S.W.2d at 541; *cf. Continental Ins. Co. v. Griffin*, 218 S.W.2d 350 (Tex.Civ. App.1949) (cargo insurance issued to house mover held applicable when house struck culvert in transport); *Buck County Const. Co. v. Alliance Ins. Co.*, 162 Pa.Super. 153, 56 A.2d 338 (1948) (insurer subjected to liability because of bulk of equipment, specifically described in policy). In the case presently under consideration, the cargo was described in the policy as "building materials, iron and steel and transformers." These items may be large or small and would not necessarily extend over the sides or above the top of the conveyance.

Finally, plaintiff argues that the conclusion reached in *Howell* has no bearing on this case since the policy in *Howell* specifically excluded from coverage loss caused by "collision of the load with any object;" there is no such exclusion in the Continental policy. This distinction is of no practical significance in the court's opinion. Although the policy of insurance in this case does not have a specific exclusion from coverage for collision of the cargo, the policy simply provides no coverage for that

1. Plaintiff's assertion that "conveyance" is a broader term than vehicle is correct. A conveyance may be not only a vehicle, but any means of transportation, including, for example, a train, plane or ship. The scope of the meaning of the term, though, does not extend to the cargo, as argued by plaintiff.

**504**

occurrence. It follows, therefore, that the defendant is entitled to the entry of summary judgment.

Accordingly, it is ordered that defendant's motion for summary judgment is granted. A separate judgment shall be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

ORDERED.