Della MIXON, Plaintiff,

v.

**PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY and Burlington Industries, Inc., Defendants.**

**Civ. A. No. E84–0023(L).**

United States District Court, S.D. Mississippi, E.D.

April 26, 1985.

Donald C. Dornan, Jr., Biloxi, Miss., George C. Williams, Quitman, Miss., for plaintiff.

James F. Steele, Gulfport, Miss., Richard Foreman, Jackson, Miss., for defendants.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

On February 16, 1982, the plaintiff, Della Mixon, injured her back during the course of her employment with Burlington Industries, Inc. (Burlington). She received workers' compensation benefits and returned to work. Her back injury was aggravated on September 20, 1982.[1] Plaintiff filed a claim with Provident Life and Accident Insurance Company (Provident), which provides coverage under a group medical insurance policy through Burlington. On the claim form, plaintiff stated that the injury was work-related and, in answer to the question, "Has or will claim be filed under Workmen's Compensation Act or similar law", answered both "yes" and "no". By letter dated October 29, 1982, Provident rejected the claim, stating, "Expense incurred as a result of occupational injury, sickness or disease is not covered." Plaintiff then initi-

ated an action against Burlington before the Mississippi Workmen's Compensation Commission. In their answer, Burlington and its workers' compensation carrier denied that the September injury was an aggravation of the earlier injury.

Plaintiff's attorney wrote Cathryne Sciple, Personnel Administrative Supervisor of Burlington, to inform her that workers' compensation coverage had been denied. The letter further stated that denial of coverage by both the workers' compensation carrier and the group health plan insurer was considered to be a "failure to deal in good faith." Plaintiff's attorney also wrote Nancy Armstrong, Unit Leader Medical Claims for Provident, who responded on January 27, stating:

> The expenses related to the back injury have not been considered for payment since we assumed the Workman's Compensation carrier would continue coverage. It is our policy, upon submission of the denial from Workman's Compensation, we will cover any expenses not covered by their carrier. We have been furnished no proof of denial from our insured.

> \* \* \* \* \* \*

> Please have Mrs. Mixon furnish a copy of all incurred losses with a copy of the denial from her carrier and we will be happy to reconsider liability.

Plaintiff's attorney sent Armstrong a copy of Burlington's answer in the workers' compensation proceedings as well as copies of plaintiff's medical bills. Following receipt of the information, neither Burlington nor Provident did anything in order to process the claim. In her deposition, Armstrong stated that Sciple had instructed her not to proceed further. On December 20, 1984 the Workmen's Compensation Commission approved a lump sum settlement of plaintiff's claims of $52,000.00 and payment of her medical bills of approximately $34,000.00.

---

1. Since the time of this accident, plaintiff has maintained and continues to maintain that the September accident was an aggravation of the previous accident and was not a new injury.

Plaintiff brought suit against Provident on February 8, 1984 and, by amended complaint, against Burlington on October 25, 1984.[2] She alleges that the defendants were liable for actual and punitive damages[3] for tortious breach of contract, breach of fiduciary duties and fraud in the inducement.

All of the plaintiff's claims arise from the defendants' refusal to pay medical costs incurred during the period between the accident and payment of benefits by the workers' compensation carrier. The Provident policy states that "expenses in connection with bodily injuries arising from or in the course of employment" or "expenses in connection with illnesses for which benefits are provided under any workers' compensation act or similar law" are not covered.[4] Accordingly, defendants had no responsibility to pay benefits for work-related claims.

Plaintiff charges that the defendants had a procedure by which benefits were paid if the workers' compensation carrier denied a claim. This alleged procedure was intended to insure that the claimant could pay outstanding bills. The basis for plaintiff's conclusion that such a procedure existed is page 116 of a manual entitled "Occupational Injuries and/or Workers Compensation Coverage as it Might Affect the Group Plan" which states in part:

> Injury during employment at Burlington or some other employer is not covered under the group plan even if there is no coverage under workers compensation. Cases judged by the workers compensation carrier to be non-occupational may be submitted for consideration under the group plan as a sickness claim—not accident claim. Submit copy of workers

compensation denial letter with the group claim.

The plaintiff argues that the defendants acted in bad faith in failing to allow her the benefit of this procedure.

■ The case is before the court on the motion for summary judgment filed by Burlington. The court determines that, as a matter of law, defendant did not act in bad faith and, accordingly, is not liable to the plaintiff for punitive damages. In Mississippi, punitive damages are not favored and should be allowed only with caution and within narrow limits. *Consolidated American Life Insurance Co. v. Toche*, 410 So.2d 1303, 1304–05 (Miss.1982). In connection with breach of contract actions, punitive damages are not recoverable unless "attended by intentional wrong, insult, abuse, or such gross negligence as to consist of an independent tort." *Standard Life Insurance Co. v. Veal*, 354 So.2d 239, 248 (Miss.1977). Punitive damages, as well as compensatory damages for mental distress or economic loss, are not recoverable if the insurance company had a legitimate or arguable reason for denying the claim. *See Blue Cross & Blue Shield v. Campbell*, 466 So.2d 833, 836–37 (Miss. 1085) (on petition for rehearing).

Burlington has established that the procedure on which plaintiff relies provides for the reconsideration of a claim following denial by the workers' compensation carrier. That procedure, however, is not intended to provide coverage whenever benefits are not available under workers' compensation. The plaintiff has continually maintained that the second accident was work-related. Because the Provident policy expressly excludes coverage of work-related accidents, Provident could reasonably deny coverage upon reconsideration of the claim.

---

**2.** Plaintiff, relying on *Dearman v. Prudential Ins. Co.*, 727 F.2d 479 (5th Cir.1984), alleges that Burlington is the agent of Provident. The court does not rule on this issue because it determines that summary judgment in favor of Burlington is appropriate on other grounds.

**3.** The complaint charged that the plaintiff was entitled to compensatory damages for the defendants' failure to provide benefits and for

mental and emotional distress as well as punitive damages.

**4.** The actual policy has not been submitted with the motion for summary judgment. The above quoted language is from the defendant's brief and is not challenged by the plaintiff. The plaintiff admits that work related injuries are excluded from coverage.

**142**

Burlington was perhaps careless in the way in which it handled correspondence with the plaintiff during the course of these proceedings. Carelessness, however, does not rise to the level of bad faith required for plaintiff to prevail on her claim.

It is the opinion of this court that no genuine questions of material fact remain and that the defendant's motion for summary judgment should be granted. A separate judgment shall be entered according to the local rules.