STATE OF MISSISSIPPI ex rel. W. Hampton KING, Auditor of Public Accounts and Edward J. Peters, District Attorney, Seventh Circuit Court District, For the Use and Benefit of the State of Mississippi and Hinds County, Plaintiffs,

v.

J.W. "Jake" RICHARDSON and United States Fidelity and Guaranty Company, Defendants,

Forum Insurance Company, Garnishee/Defendant.

J.W. (Jake) RICHARDSON, Plaintiff,

v.

FORUM INSURANCE COMPANY, Defendant.

Civ. A. Nos. J84–0486(L), J84–0564(L).

United States District Court, S.D. Mississippi, Jackson Division.

April 10, 1986.

David W. Clark, F. Hall Bailey, Wise, Carter, Child & Carraway, Jackson, Miss., for Hinds County.

Vaughn Davis, Jr., Asst. Dist. Atty., Jackson, Miss., for Ed Peters.

Kenneth G. Perry, Shell, Buford, Bufkin, Callicutt & Perry, Jackson, Miss., for U.S.F. & G.

L. Joe Lee, Maryellen Duprel, Lee and Grenell, Jackson, Miss., for Jake Richardson.

Gary K. Jones, Daniel, Coker, Horton & Bell, P.A., Jackson, Miss., for Forum Ins.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

These consolidated cases came on for trial before this court on complaints of the plaintiffs, J.W. "Jake" Richardson and the

State of Mississippi ex rel. W. Hampton King, Auditor of Public Accounts, and Edward J. Peters, District Attorney, Seventh Circuit Court District, for the use and benefit of the State of Mississippi and Hinds County (Hinds County), against defendant Forum Insurance Company (Forum).[1] The court heard testimony from witnesses and reviewed exhibits admitted into evidence.

In April 1981, Hinds County submitted an application for a public officials' liability policy to Cook-Fox-Everett, an independent insurance agency in Jackson, Mississippi, noting the possibility of claims against the Hinds County Tax Collector, J.W. "Jake" Richardson. Cook-Fox-Everett forwarded the application to Stewart, Smith, East, Inc., an insurance underwriting agency. The policy was issued by Forum, effective May 1, 1981 through May 1, 1984.

In July 1982, the Department of Public Audit of the State of Mississippi brought suit against Richardson as Hinds County Tax Collector for amounts allegedly not collected by him. In September, Bill Mathison of Cook-Fox-Everett discussed with Andrew Mattiece, Hinds County Deputy Chancery Clerk, the applicability of the Forum policy to the claims against Richardson. On September 14, 1982, almost two months after the suit was filed against Richardson, Mathison wrote Forum's claim department requesting assistance with a "claim ... being made under [the] policy." The letter, a copy of which was sent to Mattiece, further gave the telephone number and address of Mattiece and advised that he could be contacted for more information. Under separate cover, Cook-Fox-Everett sent a Property Loss Notice to Forum, stating, "Tax collector, Mr. Jake Richardson has been removed from office by the governor dut [sic] to irregularities in the collection of penalities [sic] and interest. The deputy chancery clerk of Hinds [sic] Co. has put us on notice that a claim will be made under this policy."

By letter dated October 19, 1982, Ruth Kaan of Forum's commercial claims department wrote Mathison regarding his September 14 letter which "advised us of a forthcoming claim." Kaan stated she had been unable to reach Mattiece despite numerous attempts to do so. On October 18, 1982, the day prior to Kaan's letter, Richardson entered a consent judgment in the lawsuit.

Kaan wrote Cook-Fox-Everett again on November 29, 1982. Cook-Fox-Everett responded by letter dated January 6, 1983, stating that Vaughn Davis, who was an assistant district attorney, would contact Forum regarding the claim. Kaan twice called Carl Bush at Cook-Fox-Everett who said he would ask the insured to contact Forum.

On March 18, 1983, Hall Bailey, an attorney for Hinds County, called Forum and was asked to send information regarding the claim. Bailey, by letter dated April 7, 1983, sent Forum copies of the complaint filed against Richardson, the agreed order entered against Richardson and the judgment of dismissal against the surety bond holder. On April 13, 1983, Forum denied coverage on the ground that it was "brought about or contributed to by fraud or (active or deliberate) dishonesty of an insured ..." Bailey responded by objecting to denial of the entire claim on that ground. Forum then retained a Jackson law firm, Daniel, Coker, Horton and Bell, for a coverage opinion. Daniel, Coker wrote Richardson's attorney, following his request for payment, stating that the claim was denied for failure to give timely notice.[2] These consolidated actions followed.

■ Forum contends that the insureds failed to comply with the notice requirements of the policy which state:

VI NOTICE OF CLAIM

b) The Public Entity or any insureds, or the named designees shall, as a condition

---

1. The action initiated by Hinds County, J84–0486(L), named J.W. "Jake" Richardson and United States Fidelity & Guaranty Company as defendants and Forum as garnishee-defendant.

2. The letter stated that coverage was denied primarily for two reasons but only failure to give timely notice was discussed.

precedent to their rights under this policy, give the company notice in writing as soon as practicable of any claim made and shall give the company such information and cooperation as it may reasonably require.

Hinds County and Richardson charge that notice was timely given to Cook-Fox-Everett which then notified Forum. The policy, however, requires that notice in writing be given to Forum at its Chicago office by the Public Entity, any insured or the named designee.[3] The initial correspondence between Cook-Fox-Everett and Forum clearly anticipates action by Hinds County. Cook-Fox-Everett's September 14 letter states: "We have been put on notice by Mr. Andrew Mattiece, the deputy chancery clerk of Hinds County, that a claim is being made under this policy." Forum's letter in response refers to the "forthcoming claim." That Forum made a file for the correspondence listing Richardson as claimant does not support plaintiff's contentions that proper notice was submitted; the file was merely made in anticipation of such notice. Following the receipt of the information from Cook-Fox-Everett, Kaan attempted repeatedly without success to reach Mattiece for further information. Mattiece admitted that he received the messages but the court finds that he never responded by contacting her. Mattiece received copies of all correspondence which clearly evidenced anticipation of further action by his office.[4]

The policy requires notice "as soon as practicable," a clause interpreted under Mississippi law as "roomy." *Young v. Travelers Insurance Company*, 119 F.2d 877, 880 (5th Cir.1941) (applying Mississippi law). The roominess is restrained, however, to the extent required to give effect to the purpose of the notice clause which is "to enable [the insurer] to investigate a claim ...; to itself decide whether the claim should be settled without litigation,

and, if not, to prepare its defense thereto...." *Aetna Life Insurance Company v. Walley*, 174 Miss. 365, 164 So. 16, 19 (1935). Even under the spacious analysis provided under Mississippi law, it cannot be said that notice was given as soon as practicable when the effect was to foreclose all of the rights intended to be protected by the notice provision.[5] Hence the court concludes that proper notice pursuant to the terms of the policy was not given.

■ Plaintiffs argue that Cook-Fox-Everett's knowledge of the lawsuit against Richardson is imputed to Forum by virtue of Miss.Code Ann. § 83–17–1 which states:

> Every person who solicits insurance on behalf of any insurance company, or who takes or transmits, other than for himself, an application for insurance or a policy of insurance, or who advertises or otherwise gives notice that he will receive or transmit the same, or who shall receive or deliver a policy of insurance of any such company, or who shall examine or inspect any risk, or receive, collect, or transmit any premium of insurance, or make or forward a diagram of any building, or do or perform any other act or thing in the making or consummation of any contract of insurance for or with any such insurance company, other than for himself, or who shall examine into or adjust or aid in adjusting any loss for or on behalf of any such insurance company, whether any of such acts shall be done at the instance or request or by the employment of the insurance company, or of or by any broker or other person, shall be held to be the agent of the company for which the act is done or the risk is taken as to all the duties and liabilities imposed by law, whatever conditions or stipulations may be contained in the policy or contract. Such person knowingly procuring, by fraudulent representations, payment or the obligation

---

**3.** Mattiece, as Deputy Chancery Clerk, was the named designee.

**4.** At trial, Mathison testified that he told Mattiece that Forum would call him.

**5.** It should also be noted that Hinds County failed to satisfy its obligation to cooperate and provide information. Hinds County made no efforts to pursue the claim or assist Forum until well after entry of the consent judgment.

for the payment of a premium of insurance shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, or be imprisoned for not more than one year.

In *National Life and Accident Insurance Company v. Miller*, 484 So.2d 329 (Miss.1985), the Mississippi Supreme Court held that information possessed by two supervisors who held executive positions with an insurance company was imputed to the company. This court is of the opinion, however, that *National Life* is not dispositive due to the nature of the relationship between Forum and Cook-Fox-Everett.[6] In securing the policy for Hinds County, Cook-Fox-Everett dealt with an insurance wholesaler and not with Forum itself. Cook-Fox-Everett does not have an agency agreement with Forum and neither negotiates claims for Forum nor deals directly with Forum personnel. Miss.Code Ann. § 83-17-1 is in derogation of the common law and must be strictly construed. *See Old Colony Insurance Co. v. Fagan Chevrolet Co.*, 246 Miss. 725, 150 So.2d 172, 173 (1963). It should also be noted that Cook-Fox-Everett's role in this situation appears to be more as adviser to Hinds County than as the agent of Forum. Cook-Fox-Everett provided other insurance to the county and Mattiece often requested and obtained advice on insurance matters from Cook-Fox-Everett. Accordingly, this court is of the opinion that any knowledge of Cook-Fox-Everett cannot be imputed to Forum.[7]

■ Plaintiffs further argue that any failure to comply with the notice require-ments of the policy was waived by Forum's reliance on another ground for denial of coverage. In *Harris v. American Motorist Insurance Co.*, 240 Miss. 262, 126 So.2d 870 (1961), the Mississippi Supreme Court held that waiver is effected by "some act on the part of the insurance company inconsistent with its claim that the policy has been inoperative through failure to furnish notice" and stated that denial of liability on other grounds may constitute waiver. *Id.* at 875. In *Canal Insurance Co. v. Howell*, 248 Miss. 678, 160 So.2d 218 (1964), the Mississippi Supreme Court held that the insurance company waived the requirement of timely notice. The agent adjusted the loss without requiring proof of loss; the company did not notify the insured of its refusal to accept the proof of loss until long after the damaged machine had been repaired; and the company denied the claim during the time period in which timely proof of loss could have been given. *Id.*, 160 So.2d at 222. Here, Forum did not adjust the loss. Forum did not inform Hinds County of its refusal to pay the claim until long after entry of the consent decree but the delay was caused by Hinds County's failure to provide sufficient information to determine the nature of the claim; Forum quickly denied coverage as soon as it received that information. Finally, *Canal* must be distinguished in that the period in which timely notice could be filed had already elapsed when Forum denied coverage.[8] (quoting *Crowe v. Fotiades*, 224 Miss. 422, 80 So.2d 478, 486 (1955). In this case, Forum did not do anything to

---

6. In *Hood v. Fireman's Fund Ins. Co.*, 412 F.Supp. 846 (S.D.Miss.1976), the court held that, pursuant to Miss.Code Ann. § 83-17-1 and relevant case law, notice to a local agent was sufficient "within the terms of the policy which provide for notice to the company or its agent." *Hood*, 412 F.Supp. at 851. *Hood* is distinguishable because the Forum policy in the case before this court requires that notice be given to the company.

7. The court also finds that plaintiff has not proven that Cook-Fox-Everett had any relevant knowledge at the time of the September 14 letter. Mathison, whose testimony this court credits, testified that he was not sure when he

learned of the lawsuit, although Mattiece, whose power of recall was limited, stated that he discussed the lawsuit with Cook-Fox-Everett personnel.

8. The policy requires that notice be given "as soon as practicable." Without determining the precise moment at which that time period expired, the court, as trier of fact, has determined that the time period had expired at the time of the letter to Forum from Hall Bailey. Forum's denial of coverage followed that letter. Hence it cannot be said that plaintiffs' reliance on Forum's denial caused the failure to satisfy the policy notice requirements.

lead plaintiffs to believe that there was coverage or that the notice given was sufficient.[9]

The policy specifically states that proper notice is a condition precedent to recovery. In *Bolivar County Board of Supervisors v. Forum Insurance Co.*, 779 F.2d 1081 (5th Cir.1986), the Fifth Circuit stated that, under Mississippi law, if notice is unreasonably delayed in such a case, "then the insured has failed to meet a material requirement under the policy and an inquiry into prejudice is unnecessary." *Id.* at 1085. *See Hood v. Fireman's Fund Insurance Co.*, 412 F.Supp. 846, 852 (S.D.Miss.1976) (applying Mississippi law). In *Harris v. American Motorist Insurance Co.*, 240 Miss. 262, 126 So.2d 870, 875 (1961), the Mississippi Supreme Court discussed prejudice to the insurer caused by lack of notice under a policy requiring timely notice as a condition precedent. The Fifth Circuit distinguished the *Harris* case by the fact that waiver of notice had been raised as a defense. Here, plaintiffs assert that notice was waived by Forum's reliance on another ground for denial of coverage; hence, under *Bolivar*, Forum must show prejudice. In *Harris*, the Mississippi Supreme Court affirmed the chancellor's finding of prejudice caused by the insured's failure to give notice until after suit was filed thirteen months after the accident. *Harris*, 126 So.2d at 876. The prejudice suffered by Forum was much greater. Prior to entry of the consent judgment, the insured failed to provide essential information and did not comply with the notice requirements of the policy until months after entry of that judgment.[10] Forum, therefore, was deprived of all of its rights to investigate and defend the suit. Accordingly, the court is

of the opinion that Forum was not required by the policy to pay the asserted claim.

The court's determination that Forum was not liable under the policy disposes of Richardson's claims for punitive damages. It cannot be said that an insurer who is not required to pay a claim acted in bad faith or without a legitimate or arguable reason for refusing to pay that claim. *See Mixon v. Provident Life & Acc. Ins. Co.*, 616 F.Supp. 139, 141–42 (S.D.Miss.1985), *aff'd*, 783 F.2d 1061 (5th Cir.1986).

It is, therefore, the opinion of this court that judgment should be entered in favor of Forum Insurance Company. A separate judgment shall be entered according to the local rules.

---

**9.** Forum was unable to do anything regarding the claim due to the failure of Mattiece, the named designee in the policy, to return Kaan's telephone calls. The court is of the opinion that Forum satisfied its obligation to pursue the claim, but all efforts were foreclosed by Mattiece.

**10.** Hinds County argues that Richardson, represented by counsel, acknowledged his responsibility and admitted the charges against him and

that, therefore, representation by counsel employed by Forum would not have altered the situation. When testifying at trial, however, Richardson stated that he entered the consent judgment to relieve the pressure he felt from the investigation, indictment and lawsuit. He did not testify that the charges were true. Hence, had an attorney representing Forum's interest been involved, a different result could have ensued.