**RELIANCE INSURANCE COMPANY, a Pennsylvania Corporation, Plaintiff,**

v.

**COUNTY LINE PLACE, INC., et al., Defendants.**

**Civ. A. No. J87–0572(L).**

United States District Court, S.D. Mississippi, Jackson Division.

July 19, 1988.

J. Kirkham Povall, Robert S. Crump, III, Jacobs, Eddins, Povall, Meador & Crump, Cleveland, Miss., for plaintiff.

Albert Dickens, Jr., Jackson, Miss., for County Line Place, Hugh G. Ward and Joe Ann Ward.

Robert H. Weaver, Watkins Ludlam & Stennis, Jackson, Miss., for Shoney's and Gulf Coast Development.

## MEMORANDUM OPINION
## AND ORDER

TOM S. LEE, District Judge.

In this declaratory judgment action, there are presently before the court cross-motions for summary judgment by plaintiff Reliance Insurance Company (Reliance) and defendants County Line Place, Inc. (County Line), Hugh G. Ward, Joe Ann Ward, Shoney's Inc. and Gulf Coast Development, Inc. Reliance previously issued to County Line a policy of public liability insurance. After certain claims were made under the policy, Reliance brought this action seeking a declaration that it has no obligation under the policy for these claims.[1] Additionally, Reliance, which is presently defending County Line under reservation of rights in two lawsuits pending against County Line, seeks an order allowing it to withdraw its defense of County Line in those suits.

As grounds in support of its motion, Reliance takes the position that County Line failed to give it timely notice of a potential claim under the policy or of the two lawsuits, as required by the policy, and that County Line has therefore forfeited any right it may have had under the policy to recover for any loss sustained and has likewise forfeited its right to have a defense provided at Reliance's expense. Defendants, however, contend that not only was the delay in notification not unreasonable under the circumstances, but that the delay did not prejudice the rights of Reliance and that in any event, Reliance waived the notice requirements under its policy by proceeding in the defense of County Line.

The relevant facts concerning the conduct of the parties as they relate to the notice provisions of the policy are essentially undisputed. On May 22, 1985, County Line sold certain property to Shoney's, Inc., and Gulf Coast Development, Inc. for the development of hotel and restaurant facilities. The properties sold to those companies adjoined the property being leased by Quick Change Oil & Lube Company, Inc. (Quick Change). A dispute arose soon thereafter between Quick Change and defendants Shoney's and Gulf Coast, and on July 30, 1985, Quick Change filed suit in the Chancery Court of Madison County against County Line and Shoney's seeking to permanently enjoin what Quick Change perceived as an encroachment upon Quick Change's easements. According to the suit, Quick Change had acquired easement rights under its lease with County Line's predecessor in title and the construction threatened the easements.

While the chancery action was pending, Quick Change in January 1986 brought an action in federal court againt Shoney's and Gulf Coast for malicious prosecution[2] and damages to business as a result of encroachment on the alleged easements. Although County Line was not initially named as a party to that suit, Shoney's and Gulf Coast made County Line a party on April 10, 1986 via a third party complaint, alleging breach of warranty of title and seeking indemnification in the event of a judgment in favor of Quick Change.

Although County Line was aware of the dispute concerning the property at the time of, if not before the closing of the sale to Shoney's and Gulf Coast in May 1985, and in fact, was even aware at that early date that litigation had been threatened by Quick Change,[3] it was not until May 1986, a

---

1. County Line was formed in 1985 by Hugh G. Ward, Joe Ann Ward, Robert Dyess and Bud Millican for the purpose of buying, selling and developing real estate. The policy of insurance at issue in this case was initially issued naming County Line as the insured. It was subsequently amended to name Hugh Ward and Joe Ann Ward as insureds.

2. The malicious prosecution claim arose from an incident on the subject property in November 1985 in which the owners of Quick Change were arrested on criminal affidavits signed by Shoney's construction personnel. The charges were later dismissed because the arrest warrant was found to have been improperly issued.

3. The May 23, 1985 minutes of a special meeting of the Board of Directors of County Line reflects that the Board was advised by Robert Dyess, president of County Line, that there was a dispute and that Quick Change had threatened litigation. The matter was discussed by the Board at the meeting. In his deposition, defendant Hugh G. Ward acknowledged that the corporation, prior to or at the same time the deal with Shoney's closed, was aware of a prob-

year later, that County Line notified Reliance of a potential claim under the policy. Around May 13, 1986, in conversations with the local agent which handled County Line's insurance needs, the agent suggested that there was probably coverage under the Reliance policy for County Line's expenditures and potential losses resulting from the property dispute. Notice was then sent to Reliance of the events giving rise to the dispute and of the two lawsuits spawned by that dispute. It is undisputed that the notice sent to the company on May 13, 1986 was the first notice or knowledge Reliance had of any occurrence or lawsuit concerning County Line.

Under the policy issued by Reliance in favor of County Line, the following conditions applicable to liability coverage are found:

> Insured's Duties in the Event of Occurrence, Claim or Suit.
>
> (a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof and the names and addresses of the injured and of available witnesses shall be given by or for the insured to the company or any of its authorized agents as soon as practicable.
>
> (b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the Company every demand, notice, summons, or other process received by him or his representative.
>
> (c) ... The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of the accident.

The policy also includes the following provision under the heading "Conditions Applicable to Section II":

> Action Against Company. No action shall lie against the company unless, as a condition precedent thereto, there shall have been full Compliance with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the Company.

Where there has been an occurrence which might give rise to coverage under the policy, the policy requires that notice be given "as soon as practicable." Where, however, suit is brought against the insured, notice must be given "immediately." In either situation, timely notice is expressly made a condition precedent to any action against the insurer.

In the case at bar, the events constituting an occurrence happened as early as May 1985, when the property was transferred and the dispute arose,[4] and certainly no later than July 1985, when suit was filed in chancery court. One question, therefore, would appear to be whether notice given to the company almost a year later was notice given "as soon as practicable."

This court has previously held, in construing a similar policy provision, that a policy requiring notice of a claim "as soon as practicable" is a clause subject to "roomy" interpretation. *See State of Mississippi ex rel. King v. Richardson*, 634 F.Supp. 133, 135 (S.D.Miss.1986), *aff'd.*, 817 F.2d 1203 (5th Cir.1987). In *Richardson*, however, this court also observed that

> the roominess is restrained, however, to the extent required to give effect to the purpose of the notice clause which is "to enable [the insurer] to investigate a claim....; to itself decide whether the claim should be settled without litigation, and, if not, to prepare its defense thereto...." *Aetna Life Insurance Company v. Walley*, 174 Miss. 365, 164 So. 16, (1935).

*Richardson*, 634 F.Supp. at 135. Moreover, under Mississippi law, where an insurance policy requires that notice be given as soon as practicable, the notice must be given within the time agreed upon unless the insured offers a reasonable excuse for

---

lem with Quick Change and of possible litigation. Yet nothing was reported to Reliance.

4.  *See supra* note 3.

the delay. *See West v. Bankers and Shippers Insurance Company of New York,* 643 F.Supp. 992, 994 (N.D.Miss.1986) (citing *Harris v. American Motorist Insurance Company,* 240 Miss. 262, 126 So.2d 870, 873 (1961)).

█ In the court's opinion, a delay of at least ten months in furnishing notice of an occurrence is excessive and cannot be considered to comply with the "as soon as practicable" language in the policy. This is particularly so in light of the fact that the occurrence resulting in potential coverage also formed the basis of two lawsuits, both of which were commenced and were proceeding before County Line gave notice to Reliance of any occurence. Further, the excuse offered by County Line for its failure to give prompt notice is not a reasonable one. The only reason given by County Line for its failure to timely notify Reliance of the events giving rise to a potential claim or of the lawsuit against it is that it lacked knowledge that there was coverage under the policy. Under Mississippi law, an insured's delay in giving notice must not be the result of his own fault or negligence. *See Harris v. American Motorist Insurance Co.,* 240 Miss. 262, 126 So.2d 870, 873 (1961) (mere mistake as result of carelessness or inattention does not excuse untimely notice). Here, there is no question but that County Line knew about the facts giving rise to potential coverage and the facts surrounding both lawsuits and, simply as the result of its own failure to exercise diligence and reasonable care, failed to inform the company of those facts.

█ Moreover, the court notes that while the policy requires notice of an occurence as soon as practicable, in the event a claim is made or suit is actually brought against the insured, the insured is required to *"immediately forward to the company every demand, notice, summons, or other process received by him or his representative"* (emphasis supplied). In the instant case, not only did the events giving rise to the occurrence happen long before notice to the company but in addition, a lawsuit, the chancery court action, was filed against County Line ten months before County Line gave notice to the company of either the events giving rise to a potential claim or the lawsuit itself. By no stretch of the imagination could one reasonably consider a ten-month delay in giving notice of the institution of the chancery suit to be in compliance with the policy requirement of immediate notice. Thus, notice to the company of the chancery action was clearly untimely.

█ Nevertheless, County Line contends that Reliance cannot avoid its policy obligations, since in its view the company was not prejudiced by the delay. However, under the clear terms of the policy, prompt notice was made a condition precedent to Reliance's liability and under Mississippi law, the company is relieved of any policy obligations (at least as to the chancery lawsuit) regardless of the presence or absence of demonstrable prejudice. *See Bolivar County Board of Supervisors v. Forum Insurance Co.,* 779 F.2d 1081, 1085 (5th Cir.1986) (unreasonably delayed notice where policy requires notice as condition precedent to recovery constitutes breach of material requirement of policy and no inquiry into prejudice necessary); *see also Richardson,* 817 F.2d 1203, 120 (5th Cir. 1987).

█ An issue remains, however, as to whether notice of the later federal court action was timely under the policy terms. Although the federal suit was filed in January 1986, County Line was not named as a party until April 10, 1986 and was not served with process in that action until later that month. On May 13, County Line notified Reliance of the federal action as well as the chancery suit and the events surrounding the lawsuits. On April 29, i.e., *before* attempting to notify Reliance of the lawsuit, County Line answered the third-party complaint in the federal suit through its own counsel.

While the notice of the federal action may have complied with the policy requirement of immediate notice of suits against the insured, the "occurrence" giving rise to potential coverage under the policy, that being the *same* occurrence underlying the

federal lawsuit and the chancery action, had long since taken place. And in the court's opinion, the notice which County Line finally gave, though close in time to its having been named as a defendant in the federal action, did not rectify its prior failure to have timely notified the company of the occurrence. Again, because timely notice was a condition precedent to liability under the policy, Reliance need not show that it has suffered prejudice as a result of the failure of the insured to comply with the notice provision.[5] Even though there was no specific time agreed upon for notice, the court views the lengthy delay in notification to Reliance as unreasonable under the circumstances. And the court has concluded that the undue delay in giving notice to the company is inexcusable.

■ In response to the motion for summary judgment of Reliance, County Line urges that Reliance waived its right to object to any failure of timely notification by virtue of its having proceeded to defend the interests of County Line in the two lawsuits. The court notes that Reliance's decision to proceed in the defense of County Line was specifically under reservation of rights. County Line was aware of this and in fact, acknowledged to Reliance its understanding that the defense was being provided under reservation of rights. County Line therefore cannot credibly assert that the company's defense of it was unconditional. The company was entitled to proceed under reservation of rights and in fact, that is most often the prudent course of action for an insurer.

Because of the failure of County Line to comply with the notice requirements of the policy at issue, and further because compli-

ance with the notification requirements was a condition precedent to the insurer's liability to its insured, the court concludes that Reliance is not obligated to continue to provide a defense to County Line for any claims or liabilities against it as a result of the subject claims nor to reimburse it for attorney's fees expended prior to plaintiff's assuming defense of the federal court action and finally, Reliance is not obligated to pay any judgment which may be recovered against County Line in the federal court action.

It is, therefore, ordered that Reliance's motion for summary judgment is granted and County Line's cross-motion for summary judgment is denied. A separate judgment shall be entered in accordance with Federal Rule of Civil Procedure 58.

---

5. The court would note, though, that County Line's protestations that no prejudice exists are unsupportable under the circumstances. Although neither the chancery suit nor the federal case had been tried when Reliance was finally notified of the dispute and the lawsuits, County Line had retained counsel to represent its interests and much investigation, discovery and preparation had taken place, all of which required substantial expenditures by County Line—expenditures for which it seeks reimbursement from Reliance. In this vein, it is worth noting that the policy prohibits the in-

sured from voluntarily incurring any expense in connection with a claim except at his own cost.

By the time Reliance learned of the events at issue and of the two lawsuits, much had happened. And although one would have to speculate as to what course of action Reliance would have chosen in an effort to resolve the dispute or terminate the litigation, the fact remains that it was not given an opportunity to make those decisions until very late in the day, solely as the result of the failure by County Line to give reasonably prompt notification.